392 So.2d 1143 (1981)
Zebbie D. BEARD
v.
STATE of Mississippi.
No. 52397.
Supreme Court of Mississippi.
January 21, 1981.
Patricia A. Catchings, Jackson, for appellant.
Bill Allain, Atty. Gen. by Karen A. Gilfoy, Asst. Atty. Gen., Jackson, for appellee.
Before SMITH, P.J., and LEE and BOWLING, JJ.
SMITH, Presiding Justice, for the Court:
Zebbie D. Beard was tried in the Circuit Court of the First Judicial District of Hinds County upon an indictment charging him with aggravated assault upon one Fletcher. He was convicted of that offense and sentenced to twenty years imprisonment with five years suspended on supervised probation.
The incident out of which the prosecution arose occurred in a bar following an argument between Beard and Fletcher. According to Beard's version, Fletcher had taunted him verbally and then had "jumped up", started around the bar toward him with his hand in his pocket and Beard thought Fletcher might be armed as Fletcher was "known to cut people up". Fletcher, on the other hand, testified that he had not been armed and had made no attack on Beard. Fletcher said that Beard came out of the *1144 rest room and started shooting at him as he sat at the bar. They struggled for the gun and Beard's "friend" threw Fletcher on a table where Beard continued to shoot him. Fletcher was shot nine times.
The only assignment of error is that the trial judge erred by failing to accept Beard's guilty plea which he alleges he had tried three times to enter.
The record indicates that prior to trial, in the course of plea bargaining with the district attorney, the latter had offered to recommend, in the event Beard should plead guilty, that Beard be sentenced to twenty years imprisonment with all but two years suspended.
Before the trial began, the trial judge explained Beard's rights to him and the possible consequences of a trial and conviction. When the trial judge had concluded and Beard was asked if he had a valid defense or if he wished to plead guilty he told the court "I'm not guilty".
On that statement, the trial proceeded until the state had rested. At that point, Beard indicated that he wished to pled guilty. The trial judge renewed his interrogation of Beard as to his guilt or innocence and as to the consequences of a conviction. Beard persisted in saying that he desired to plead guilty and, as he expressed it, "take the two years".
The court explained to Beard that the court could not accept a plea of guilty so long as Beard continued to deny that he was guilty and to maintain that he was innocent.
Beard persisted in saying that he was not guilty but wanted to plead guilty and "take the two years". With the utmost patience the trial judge persevered and did everything within reason to make clear to Beard that, if he insisted that he was not guilty, a guilty plea could not be accepted. Beard refused to deviate from his insistence that he was not guilty because, he said, he had acted in self defense, but he again expressed a desire to plead guilty and "take the two years". This stalemate continued unchanged through innumerable repetitions and, despite the efforts of the trial judge, the impasse could not be resolved. Thereupon the trial was resumed.
The verdict of the jury finding Beard guilty is amply supported by the evidence and its sufficiency is not challenged on appeal.
The trial court committed no error in declining to accept a plea of guilty from a defendant who adamantly maintained that he was innocent.
In Williamson v. State, 388 So.2d 168 (Miss. 1980), this Court dealt with a similar situation, saying:
In Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), the United States Supreme Court held that a criminal defendant has no absolute right to have his guilty plea accepted by a trial court, and that the trial judge may decline to accept such a plea in the exercise of sound judicial discretion.
The Fifth Circuit Court of Appeals has decided that a trial judge should not reject guilty pleas without good reason, where they are freely and voluntarily entered, and that good reason for rejecting the pleas could exist when there was a possibility of a later collateral attack on the judgments entered pursuant to such guilty pleas. United States v. Martinez, 486 F.2d 15 (5th Cir.1973). However, in North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), the United States Supreme Court held it is not error for a trial court to accept a plea of guilty in spite of a defendant's unwillingness, or inability, to admit guilt where compelling reasons exist for entering the plea when there exists substantial evidence of the defendant's guilt.
In the case sub judice, appellant denied his guilt, claimed the defense of entrapment, and his attorney attempted to develop that defense through cross-examination of the State's witnesses. We are of the opinion that the trial court did not abuse its discretion in declining to accept the guilty plea and that the first assignment is not well taken. (388 So.2d at 170).
*1145 In Hulsey v. United States, 369 F.2d 284 (5th Cir.1966) the United States Fifth Circuit Court of Appeals dealt with a qualified guilty plea. The Appeals Court stated:
[A] fundamental requisite of a plea of guilty is that it manifest an unequivocal and knowledgeable admission of the offense charged and should not be accepted if so limited or conditioned that it constitutes, as in the instant case, little more than an ambiguous expression of qualified guilt coupled with a protestation of innocence. (369 F.2d at 287).
In the instant case Beard's guilty plea was neither unequivocal nor an admission of the offense.
The conviction and sentence appealed from must, therefore, be affirmed.
AFFIRMED.
PATTERSON, C.J., ROBERTSON, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.