## IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
## NO. 95-KA-01334 COA

**EDWARD REYNOLDS**                                                                          **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                      **APPELLEE**

### PER CURIAM AFFIRMANCE MEMORANDUM OPINION

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED,
PURSUANT TO M.R.A.P. 35-B

| | |
|---|---|
| DATE OF JUDGMENT: | 08/31/95 |
| TRIAL JUDGE: | HON. JOHN LESLIE HATCHER |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RABUN JONES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: OFFICE OF THE ATTORNEY GENERAL BY: DEWITT ALLRED III |
| DISTRICT ATTORNEY: | LAURENCE MELLEN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | DEFENDANT SENTENCED TO TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS |
| DISPOSITION: | AFFIRMED - 11/4/97 |
| MOTION FOR REHEARING FILED: | |
| CERTIORARI FILED: | |
| MANDATE ISSUED: | 11/25/97 |

BEFORE McMILLIN, P.J., KING, AND PAYNE, JJ.

PER CURIAM.

This is the second appeal of this case. Edward Reynolds was convicted of sale of a controlled substance and sentenced to twenty years imprisonment. The Mississippi Supreme Court affirmed the conviction but reversed and remanded the case for a new sentencing hearing. *Reynolds v. State*, 658 So. 2d 852 (Miss. 1992). The supreme court found that the prosecution had introduced damaging evidence at the sentencing hearing which had not been disclosed to the defense before the sentencing hearing. *Id.* at 857-58. On remand, Reynolds was again sentenced to twenty years imprisonment.

Reynolds now contends that his sentence violates the due process clause of the Fourteenth Amendment as well as Article 3, Section 14 of the Mississippi Constitution. He argues that a trial court may not, consistent with the due process clauses of the state and federal constitutions, impose a harsher penalty in whole or in part upon a defendant who chooses not to plead guilty and who insisted on his right to trial.

In this case, the trial judge, during the sentencing hearing, announced what his usual practice was in drug cases. In response to questions by defense counsel, the trial judge stated:

> Oh, well, I think I can clarify that now. I think you will look at my record throughout all four counties -- all five courthouses of this district -- is that when a person is convicted by a jury and that person denies his guilt and shows no remorse, no apology, or anything and then it is my policy, even for a first offense, to sentence someone to 20 years. And I think all of the other officers of this Court, including the District Attorney's office will know that I have done that in Tunica, in Rosedale, Cleveland, Clarksdale, and in Quitman County without exception.

> Now if a person, however, appears before me admitting that he did wrong and is sorry for it and shows remorse to the Court, then I normally do sentence him in those cases to 12 years of which I suspend six and require him to serve six. And, again, I think most everyone will tell you that I do that. Now, of course, what I have just said does not take into account that there are other aggravating and mitigating circumstances that may cause me to go higher or lower from what I just said. So I am not shutting you out. I'm just saying to anyone that is what you are going to get, and if you show me mitigating circumstances, I will depart from what I have just said, or, if the DA shows aggravating circumstances, I may go more than what I have just said.

Reynolds contends that the judge's statement indicates that Reynolds's due process rights were violated and that he should be sentenced to twelve years with six years suspended. We disagree and affirm the sentence of the lower court.

## DISCUSSION

In *Fermo v. State*, 370 So. 2d 930, 932 (Miss. 1979), the supreme court stated:

> [A] criminal defendant may not receive a harsher sentence solely, or even partially, because he refuses to plead guilty and proceeds to require the prosecution to prove his guilt. The rationale behind the principle is that the coercion or the inducement casts a chill over the exercise of guaranteed fundamental constitutional rights. The sentencing court may consider only legitimate factors and cannot base the sentence, either in whole or in part, upon the defendant's exercise of his constitutional rights to a jury trial.

The supreme court in *Fermo* upheld a fifteen year sentence with three years suspended, where the defendant had been offered a seven year sentence if he would enter a plea of guilty. In the other cases where the supreme court has considered this issue, the court has also upheld the imposition of a greater sentence after trial than that offered in exchange for a guilty plea. *See Bush v. State*, 667 So. 2d 26, 28-30 (Miss. 1996); *Gillum v. State*, 468 So. 2d 856, 863-64 (Miss. 1985); *Pearson v. State*, 428 So. 2d 1361, 1364-65 (Miss. 1983); *Williamson v. State*, 388 So. 2d 168, 170 (Miss. 1980).

In *Gillum v. State*, the appellant referred to several statements made by the trial judge as supporting his claim that the sentence was enhanced because of the demand for a jury trial. The trial judge had stated that "if you gave them all the same bargain if the Jury convicted as you did when they pled guilty, you know, there's got to be some incentive for coming on in and pleading, so they don't get the same bargain when the jury convicts them as they do when they plead." *Gillum*, 468 So. 2d at 864. The supreme court termed these "intemperate remarks" but affirmed the sentence where the record showed that the sentence was based on the defendant's prior convictions and the presentencing report. *Id.*

In the present case, the trial judge based his review of the sentence previously imposed on the updated presentencing report. In particular, the judge considered that the mitigating circumstances had not changed substantially in the four years while the sentence was on appeal but that the aggravating circumstances were more firmly established. Reynolds had been convicted on aggravated assault charges which had been only pending charges at that time. "[W]here, as here, the record reveals without a doubt that the sentence imposed was based solely upon the defendant's prior convictions, or, as here, the presentencing report, we will not disturb the trial court's discretion in sentencing." *Id.*

**THE JUDGMENT OF THE CIRCUIT COURT OF BOLIVAR COUNTY OF CONVICTION OF SALE OF A CONTROLLED SUBSTANCE AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.**