DIAZ, J.
¶ 1. Emeilio Epting was convicted of a drive-by shooting and sentenced to five years in prison. From this conviction, he perfects his appeal to this Court and argues that the trial court erred (1) in refusing to accept his guilty plea, (2) in denying his “aggravated assault” jury instruction, and (3) in refusing to grant a mistrial based upon a witness’s prejudicial statement. Finding his arguments without merit, we affirm.
FACTS
¶ 2. On May 22, 1995, Emeilio Epting and James Lindsey became involved in an argument. As the two were fighting, Epting’s friends, Germane Strickland and Tony Kee-ton, approached — both carrying guns. According to Lindsey, Strickland and Keeton *488 pointed their guns at him while Epting encouraged them to shoot Lindsey. Lindsey then pulled Epting in front of him to shield himself in ease gunfire erupted. While still using Epting as a shield, Lindsey backed away from Strickland and Keeton, then freed Epting, then ran to his ear, with Epting, Strickland, and Keeton in pursuit. A car chase ensued, with Epting’s group following Lindsey’s group. According to eyewitness testimony, gunshots were fired from Epting’s car in the direction of Lindsey’s car. Epting testified at trial in his own defense and claimed that while Strickland did fire a gun from Epting’s car, that he (Epting) did not. Furthermore, Epting maintains that he was completely unaware of Strickland’s plan to shoot at Lindsey’s car. Nevertheless, the jury found Epting guilty of a drive-by shooting. Feeling aggrieved by the jury’s decision, Epting appeals his conviction to this Court.
DISCUSSION
I. DID THE TRIAL COURT ERR IN REFUSING TO ACCEPT EPTING’S GUILTY PLEA?
¶ 3. Immediately preceding the commencement of trial in this ease, Epting moved to withdraw his prior plea of not guilty and enter a plea of guilty. While in chambers, the trial judge questioned Epting regarding his understanding of the consequences of pleading guilty. In doing so, the judge asked Epting if he participated in the commission of the crime. Epting replied that he was driving the automobile from which Germane Strickland was shooting, but that he had no malicious intent. The testimony in the case then proceeded as follows:
THE COURT: [T]he theory of the State’s case [is] that you were an accessory before the fact, which means that you participated in the crime and helped it be committed by driving the car, and if you say you did that, then I will further consider accepting your guilty plea. If you tell me that you did not, then I will not give it anymore consideration, and we’ll commence the trial. So, did you participate as an accessory before the fact to the commission of the crime as I’ve explained it to you?
THE DEFENDANT: I was driving the car, sir.
THE COURT: Well, that doesn’t answer my question. Okay. Let’s go try the case.
Epting argues that had the trial judge accepted his guilty plea, then he would have been able to take the district attorney’s sentencing offer of five years with four years suspended. Instead, Epting was tried and convicted of a drive-by shooting and sentenced to a term of five years in prison.
¶ 4. “There is, of course, no absolute right to have a guilty plea accepted. A court may reject a plea in [the] exercise of sound judicial discretion.” Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Furthermore, in Beard v. State, 392 So.2d 1143, 1144 (Miss.1981), where the defendant persisted in saying that he was not guilty of the crime with which he was charged, our supreme court held that “[t]he trial court committed no error in declining to accept a plea of guilty from a defendant who adamantly maintained that he was innocent.”
¶ 5. The trial judge in the present case concluded that Epting’s response regarding his participation in the crime was insufficient to accept as an admission of guilt, and in the final analysis, such decision rests within the sound discretion of the trial judge. We are of the opinion that the judge did not abuse his discretion in declining to accept Epting’s guilty plea; therefore, his first assignment of error is dismissed as lacking in merit.
II. DID THE TRIAL COURT ERR IN DENYING EPTING’S “AGGRAVATED ASSAULT” JURY INSTRUCTION?
¶ 6. Epting next argues that the trial court committed reversible error in granting the State’s “drive-by shooting” jury instruction while refusing his instruction on the lesser-included offense of aggravated assault.[1] He maintains that a drive-by shoot *489 ing is, in fact, an aggravated assault committed from a vehicle, and that the court’s refusal to present the jury with the choice between the two offenses constituted error.
¶ 7. The supreme court has stated that lesser-included offense instructions should only be given when there is an evidentiary basis in the record which would allow the jury to rationally find the accused guilty of the lesser offense, while acquitting him of the greater offense. Underwood v. State, 708 So.2d 18, 36 (Miss.1998). Therefore, if the jury in the present case could have found Epting guilty of the crime of aggravated assault but not guilty of the crime of drive-by shooting, then an aggravated assault instruction would have been warranted.
¶8. We agree with Epting that the primary additional element in the drive-by shooting statute, which is not contained in the aggravated assault statute, is the requirement that the attempted bodily injury be caused “by discharging a firearm while in or on a vehicle.... ” Miss.Code Ann. § 97-3-109 (Rev.1994). In the case at bar, no dispute exists regarding the fact that the shooting occurred from a vehicle driven by Epting. Accordingly, the jury could not have acquitted Epting on the drive-by shooting charge and yet convict him for aggravated assault. The trial court, therefore, did not commit error in refusing to grant the requested instruction.
III. DID THE TRIAL COURT ERR IN REFUSING TO GRANT A MISTRIAL BASED UPON A WITNESS’S PREJUDICIAL STATEMENT?
¶ 9. On direct examination, State witness James Mack testified that when he saw Strickland, Keeton, and Epting chasing James Lindsey, that he, too, began running because, “I heard that they was out to get me, too.” Epting, through his attorney, asked that the jury be excused and then moved for a mistrial based upon the prejudicial nature of Mack’s statement. The trial judge overruled Epting’s motion for a mistrial and, instead, directed the jury to totally disregard Mack’s statement. The judge instructed the jurors that the comment should have no place in their consideration and then asked the jury to promise to disregard the remark.
¶ 10. The supreme court has repeatedly held that the trial judge “is in the best position for determining the prejudicial effect of an objectionable comment.” Alexander v. State, 602 So.2d 1180, 1182 (Miss.1992). Where the judge instructs the jury to disregard the impropriety, prejudicial error does not result. Snelson v. State, 704 So.2d 452, 456 (Miss.1997). In applying the law to the facts in this case, we conclude that the trial judge did not abuse his discretion by overruling Epting’s motion for a mistrial. The prejudicial effect, if any, of Mack’s statement was cured by the judge’s admonition that it be disregarded. Finding no reversible error in the trial of this case, we affirm.
¶11. THE JUDGMENT OF THE JASPER COUNTY CIRCUIT COURT OF CONVICTION OF DRIVE-BY SHOOTING AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO JASPER COUNTY.
BRIDGES, C.J., THOMAS, P.J., and HERRING, HINKEBEIN, and KING, JJ ., concur.
SOUTHWICK, J., dissents with separate written opinion joined by McMILLIN, P.J., and COLEMAN and PAYNE, JJ.

. The maximum sentence for a conviction under the drive-by shooting statute is thirty years in prison with no opportunity for parole. Miss. Code Ann. § 97-3-109 (Rev.1994); Miss.Code Ann. § 47 — 7—3(d)(ii) (Supp.1997). The maximum sentence for a conviction under the aggravated assault statute is twenty years in prison. Miss .Code Ann. § 97-3-7(2) (Rev. 1994).