SHOEMAKER *v.* STATE.

No. 39320          November 15, 1954          75 So. 2d 647

*Jack M. Greaves,* Canton, for appellant.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

Appellant, B. B. Shoemaker, was convicted in the Circuit Court of Madison County of grand larceny, for the theft of four head of cattle belonging to Cleveland Dean. His principal point on this appeal is that the verdict is against the great weight of the evidence.

■■■ Without detailing the testimony, we will say that the issue of appellant's guilt was a question for the jury. He was convicted principally on the testimony of Mrs. Glenn McNeer. Her testimony was corroborated in part by that of Paul Weems, and by Brady Davis, cattle theft investigator for the Holmes County Cattle Association. Several weeks before the cattle were determined to be stolen cattle, Mrs. McNeer had reported to Davis that she had some cattle in her custody, which she suspected were stolen, and that she wanted them investigated. Shoemaker denied that he had stolen the cattle, and, if the jury had believed him, his testimony tended to show that Mrs. McNeer had a motive for placing the blame upon him. All of this created an issue of fact. The jury's verdict was supported by substantial evidence.

■■■ At the beginning of the trial appellant moved for a continuance, because of the absence of an alleged material witness, C. Smith. This motion was overruled. The evidence in support of it showed that appellant did not know where the witness might be found or whether he was within this State, and demonstrated the appellant's statement as to what Smith would testify was purely speculative. Moreover, the motion for a new trial failed to comply with the requirements of the rule in Lamar v. State, 63 Miss. 265 (1885). See also Code of 1942, Sec. 1520.

■■■ Appellant also complains that the trial court erred in allowing the State to prove the general reputation of appellant by witnesses who did not live in the community where he had resided for the past two years. Appellant had introduced three witnesses to testify as to his reputation in Madison County where he had lived for the preceding two years. In rebuttal the State offered two witnesses who testified as to appellant's reputation around the community in Holmes County where

appellant had lived practically all of his life before moving to Madison County. This testimony was properly admitted. Lee v. State, 179 Miss. 122, 131, 174 So. 85 (1937).

Affirmed.

*Roberds, P. J.,* and *Kyle, Arrington* and *Gillespie, JJ.* concur.