309 So.2d 533 (1975)
Winston James THOMPSON, alias Percy Young and alias Wade Moore
v.
STATE of Mississippi.
No. 48317.
Supreme Court of Mississippi.
March 10, 1975.
Rehearing Denied March 31, 1975.
Noble & Noble, Brookhaven, for appellant.
A.F. Summer, Atty. Gen. by John C. Ellis, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before GILLESPIE, INZER and BROOM, JJ.
*534 GILLESPIE, Chief Justice:
Winston James Thompson was convicted in the Circuit Court of Copiah County of forgery and sentenced to eight years in the penitentiary.
According to the state's proof, defendant, using the name Wade Moore and a false address, opened a savings account in the Bank of Hazlehurst with a deposit of $105 on December 6, 1971. On February 11, 1972, defendant entered the bank in the late afternoon and presented a check payable to Wade and Mary Moore. The check was purportedly drawn by Cooper, Allen and Jones, Attorneys at Law, on the Peoples Bank of Indianola, Mississippi. Defendant told the employees of the bank that the check represented the proceeds of a settlement for the death of his child. The check showed on its face that it was for "Fanial settlement of auto accident cause number 3-247 in Sunflower County." (Emphasis added). It was purportedly endorsed by the payees and defendant requested that $2,000 be deposited to the savings account with the balance paid to him. This was done and defendant received the $1,840 in cash. It developed that the check was a forgery in that the account and the "cause number" on the check were both false. Several witnesses positively identified the defendant as the person who uttered the forged check and received the money. He denied it and offered an alibi witness, making it a jury question on the issue of identification of the defendant.

1.
Defendant argues that it was error for the trial court to permit the district attorney to question the defendant about the details of his conviction of false pretenses in Jones County, Mississippi.
The question arose during the cross-examination of the defendant. After defendant admitted that he had been convicted of false pretenses in Jones County, the district attorney asked defendant if he negotiated a check at the Commercial National Bank and Trust Company in Laurel (Jones County) on February 11, 1972, which was drawn by Cooper, Allen and Jones, Attorneys at Law, on the Peoples Bank of Indianola, Mississippi, payable to Percy Young and Emma Young in the amount of $4,375, with the notation, "For Fanial settlement of auto accident in Sunflower, Mississippi, cause number 23-467." (Emphasis added). Defendant denied that he uttered this check but admitted that he pleaded guilty to an indictment growing out of the uttering of the check.
The two checks (the one described in the district attorney's question and the one negotiated at the Bank of Hazlehurst) were cashed on the same day and were identical except for the amount and the name of the payees. The word "final" was misspelled on both checks.
In prosecutions for uttering forgery, evidence of similar transactions committed at or about the same time as the offense charged are admissible for the purpose of proving identity, intent, knowledge or a common scheme to defraud. Pierce v. State, 213 So.2d 769 (Miss. 1968); 2 Wigmore, Evidence § 309 (1940). Accordingly, the evidence concerning the Laurel check was properly admitted.

2.
Defendant argues that he was denied due process by the exclusion of the testimony of Attorney W.S. Moore relative to the admission against penal interest made by one Davis, being in effect a confession by Davis to Moore, that he, Davis, and not the defendant, was guilty of uttering the forged checks at Laurel and Hazlehurst on February 11, 1972.
Defendant made a record in chambers in the absence of the jury of the testimony of Attorney Moore. It was stated by Moore that at a time prior to trial when he was representing the defendant the latter came to his office with Robert Carr Davis, and *535 that Davis stated to Moore that he was the guilty party in the two checks involved at the Banks of Laurel and Hazlehurst in February, 1972, and that he did not want the defendant, who was not guilty, to be tried for these charges. Moore also testified that he had not seen or communicated with Davis since the conversation referred to, and Davis' whereabouts were unknown at the time of the trial.
Defendant relies upon Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). In Chambers, one McDonald had confessed to several persons that he and not Chambers killed the deceased. McDonald thereafter repudiated his confessions but was present when Chambers was tried. Chambers held that proof of McDonald's confession was admissible and the case was reversed because this testimony had been excluded.
The Mississippi rule regarding the inadmissibility of declarations against penal interest where the declarant is not available as a witness was announced in Brown v. State, 99 Miss. 719, 55 So. 961 (1911). Brown was not overruled in Chambers, for in the latter opinion the Court noted that "... we need not decide in this case whether, under other circumstances, it might serve some valid state purpose by excluding untrustworthy testimony." 410 U.S. at 300, 93 S.Ct. at 1048. And in Chambers, the Court said that "the availability of McDonald [the declarant] significantly distinguishes this case from the prior Mississippi precedent, Brown v. State, supra. ..." 410 U.S. at 301, 93 S.Ct. at 1049.
We hold, therefore, that the validity of the rule announced in Brown was not undermined by the Chambers opinion, and where the declarant is not available his out-of-court declarations against penal interest are not sufficiently trustworthy to justify the Court in making an exception to the hearsay rule.
Defendant raises several other questions which, in our opinion, are lacking in merit and require no discussion.
Affirmed.
RODGERS, P.J., and PATTERSON, SMITH, ROBERTSON, SUGG and WALKER, JJ., concur.