370 So.2d 930 (1979)
James FERMO
v.
STATE of Mississippi.
No. 51091.
Supreme Court of Mississippi.
May 9, 1979.
Rehearing Denied May 30, 1979.
*931 Moore, Epps & Selph, Jackson, for appellant.
A.F. Summer, Atty. Gen. by Phillip H. Schwartz, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, P.J., and WALKER and LEE, JJ.
LEE, Justice, for the Court:
James Fermo was indicted, tried and convicted in the Circuit Court of the First Judicial District of Hinds County, Mississippi, for the sale of three (3)pounds of marijuana. He was sentenced to a term of fifteen (15) years in the Mississippi Department of Corrections, three (3) years being suspended on probation, and he was required to serve twelve (12) years. On March 20, 1978, Judge William F. Coleman heard a motion for a new trial which was overruled, and Fermo has appealed here.
On July 19, 1976, Hugh E. Dickey, II, an agent working undercover for the Mississippi Bureau of Narcotics, purchased three pounds of marijuana from appellant while sitting in his automobile on the parking lot of Olde English Village shopping center in Jackson. Dickey paid three hundred ninety dollars ($390.00) for the marijuana. The *932 unlawful sale was observed by James R. Kelly, who was also an agent of the Bureau of Narcotics, from his automobile which was parked a short distance away from Dickey in the same parking lot.
James Fermo and Barry Trest were together on the evening of July 19, 1976, in said parking lot, and Fermo contends that Trest, not he, sold the marijuana to agent Dickey. Dickey positively testified that Fermo was the individual who sold him the marijuana. Barry Trest was not present at the trial. Apparently, both the State and appellant had difficulty in locating Trest.
After the jury's verdict of guilty and the imposition of sentence, a hearing was held on motion for new trial, wherein appellant's attorney testified that he approached the trial judge (Honorable Russell D. Moore, III) concerning a possible guilty plea after negotiations with the district attorney's office had proved unsatisfactory. The attorney testified that, when ascertaining the maximum sentence for the sale of marijuana to be twenty (20) years in the state penitentiary, the judge offered to sentence Fermo to ten (10) years imprisonment in return for a guilty plea, stating that, "He'd better take it." The attorney also testified that, when the petit jury was impaneled and prior to the commencement of trial, the judge offered a sentence of seven (7) years to Fermo in return for a plea of guilty. At the hearing it was shown to be the practice of the Circuit Court for the First Judicial District of Hinds County to impose a heavier sentence on a person who had declined to enter into plea bargaining in the event that such person was found guilty at the trial.

I.
Did the trial court err in increasing appellant's sentence in violation of the Fourteenth Amendment because appellant exercised his constitutional rights to a trial, to not incriminate himself, to not plead guilty, and to testify in his own behalf?
A majority of the jurisdictions in the United States have upheld the principle that a criminal defendant may not receive a harsher sentence solely, or even partially, because he refuses to plead guilty and proceeds to require the prosecution to prove his guilt. The rationale behind the principle is that the coercion or the inducement casts a chill over the exercise of guaranteed fundamental constitutional rights. The sentencing court may consider only legitimate factors and cannot base the sentence, either in whole or part, upon the defendant's exercising his constitutional rights to a jury trial. United States v. Stockwell, 472 F.2d 1186 (9th Cir.1973); Commonwealth v. Bethea, 474 Pa. 571, 379 A.2d 102 (1977); Johnson v. State, 274 Md. 536, 336 A.2d 113 (Md. App. 1975). The Maryland Court held that any doubt, as to whether or not the exercise of such constitutional rights was considered by the lower court in determining the sentence, must be resolved in favor of the defendant.
In the present case, the assistant district attorney was contacted by appellant's attorney and he expressed no interest in making an offer of sentence acceptable to that attorney and appellant. The attorney then, on his own volition, went directly to the trial judge and attempted to get him to impose a three-year sentence in exchange for a guilty plea, which was declined by the judge. The next day, according to the attorney, the judge told him that he would sentence the defendant to ten years, if he entered a plea of guilty. The attorney replied that he didn't think his client would accept such a sentence and then the judge said (according to the attorney), "Well, he'd better take it." The attorney stated that, after the jury was impaneled, the judge told him seven years was the best he could do for the defendant, and the defendant should take that offer. During the first conversation between the judge and the defendant's attorney, the judge inquired as to the maximum penalty and was informed that it was twenty (20) years in the penitentiary. In the last conversation the attorney said the judge stated, "You know what he can get."
Appellant's attorney initiated the conversations with the judge on the guilty *933 plea in an effort to obtain the lightest sentence possible for his client. There is no indication in the record, and it is assumed, that, but for the attorney's action in approaching the trial judge, there would have been no involvement by him in that matter. The appellant cannot take advantage of a situation or an error which he invited or induced the trial court to commit. Federal Compress Co. v. Craig, 192 Miss. 689, 7 So.2d 532 (1942). We hold, therefore, that, under the facts of this case, the action of the trial judge did not constitute reversible error.
While a trial judge must control the sentencing phase of a criminal trial and has the responsibility and duty of approving or disapproving a recommendation by the prosecutor, he should never become involved, or participate, in the plea bargaining process. He must remain aloof from such negotiations. The trial judge always must be circumspect and unbiased, at all times displaying neutrality and fairness in the trial, and consideration for the constitutional rights of the accused.

II.
Did the trial court err in denying the sworn applications for continuance in which appellant requested a postponement in order to obtain the testimony of an eye witness?
The trial court has a broad discretion in granting or denying a motion for continuance, and, unless the court abuses its discretion to the prejudice of the appellant, its action will not be held error. McClendon v. State, 335 So.2d 887 (Miss. 1976); Ladnier v. State, 273 So.2d 169 (Miss. 1973); Lee v. State, 220 Miss. 298, 70 So.2d 609 (Miss. 1954).
Appellant was indicted at the November 1976 Term of the Hinds County Circuit Court. The cause was continued at that term, again at the January 1977 Term, the March 1977 Term, the May 1977 Term, the November 1977 Term and the January 1978 Term. All such continuances were at the request of the appellant, who sought the presence of the witness Barry Trest. The appellant failed to appear at the March and May Terms, 1977, and the cases were continued for that reason.
Mississippi Code Annotated Section 11-7-123 (1972) dealing with continuances, provides:
"On all applications for a continuance the party shall set forth in his affidavit the facts which he expects to prove by his absent witness or documents that the court may judge of the materiality of such facts, the name and residence of the absent witness, that he has used due diligence to procure the absent documents, or presence of the absent witness, as the case may be, stating in what such diligence consists, and that the continuance is not sought for delay only, but that justice may be done. The court may grant or deny a continuance, in its discretion, and may of its own motion cross-examine the party making the affidavit. The attorneys for the other side may also cross-examine and may introduce evidence by affidavit or otherwise for the purpose of showing to the court that a continuance should be denied. No application for a continuance shall be considered in the absence of the party making the affidavit, unless his absence be accounted for to the satisfaction of the court. A denial of the continuance shall not be ground for reversal unless the supreme court shall be satisfied that injustice resulted therefrom."
The appellant did not comply strictly with the above section and the continuance was properly denied. Shoemaker v. State, 222 Miss. 257, 75 So.2d 647 (1954).
After conviction of the appellant, the procedure outlined in Lamar v. State, 63 Miss. 265 (1885) and a multitude of cases following Lamar was not followed. The trial judge did not commit error in declining to grant a new trial because of overruling the motion for continuance.

III.
Did the trial court err in not permitting appellant's wife to testify regarding a confession *934 made to her by Barry Trest that he delivered the marijuana to the narcotics agent?
In Brown v. State, 99 Miss. 719, 55 So. 961 (1911) the Court held that an exception to the hearsay rule does not apply in a declaration against penal interest of the declarant. Appellant cites Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973) in his contention that the testimony of appellant's wife to the effect that Barry Trest had confessed to her was admissible as a declaration against penal interest. However, in Thompson v. State, 309 So.2d 533 (Miss. 1975), [appellant's attorney here was the trial attorney in Thompson], this Court held that Chambers did not overrule the principle announced in Brown v. State, supra, where a declarant is not available, and stated:
"Defendant relies upon Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). In Chambers, one McDonald had confessed to several persons that he and not Chambers killed the deceased. McDonald thereafter repudiated his confessions but was present when Chambers was tried. Chambers held that proof of McDonald's confession was admissible and the case was reversed because this testimony had been excluded.
The Mississippi rule regarding the inadmissibility of declarations against penal interest where the declarant is not available as a witness was announced in Brown v. State, 99 Miss. 719, 55 So. 961 (1911). Brown was not overruled in Chambers, for in the latter opinion the Court noted that `... we need not decide in this case whether, under other circumstances, it might serve some valid state purpose by excluding untrustworthy testimony.' 410 U.S. at 300, 93 S.Ct. at 1048. And in Chambers, the Court said that `the availability of McDonald [the declarant] significantly distinguishes this case from the prior Mississippi precedent, Brown v. State, supra. ...' 410 U.S. at 301, 93 S.Ct. at 1049.
We hold, therefore, that the validity of the rule announced in Brown was not undermined by the Chambers opinion, and where the declarant is not available his out-of-court declarations against penal interest are not sufficiently trustworthy to justify the Court in making an exception to the hearsay rule." 309 So.2d at 535.
We are of the opinion that there is no merit in this contention.

IV.
Did the trial court err in overruling the appellant's motion to quash indictment and petit venire, which motion alleged that Mississippi Code Annotated Section 13-5-1 (1972), insofar as it denies the right, duty and obligations of persons 18, 19 and 20 years of age to serve on grand and petit juries in Mississippi violates appellant's rights under the Fourteenth Amendment to the United States Constitution and systematically excludes black persons from grand and petit juries?
The question presented by the above assignment was discussed and held to be without merit in Joyce v. State, 327 So.2d 255 (Miss. 1976), citing from Johnson v. State, 260 So.2d 436 (Miss. 1972), as follows:
"`It is alleged that there were no jurors within the age group of appellant (18-20) on either the grand jury or the petit jury. It is argued that because this age group has been permitted by amendment to the United States Constitution to register and vote, they should be on the jury lists. Our Legislature has prescribed qualifications for jurors in Section 1762 Mississippi Code 1942 Annotated (Supp. 1971); and as a part thereof is the requirement that jurors be twenty-one years of age or older. The fact that the Constitution of the United States was amended by Amendment XXVI does not qualify persons under twenty-one years of age as jurors under State laws.'" 327 So.2d at 261.

V.
Did the trial judge err in overruling appellant's contention that he was entitled to *935 a new trial on the ground of racial discrimination in the selection of the foreman of the grand jury which indicted him?
After the indictment was returned, appellant filed two motions to quash the indictment. Neither of those motions assigned as a ground that no black had ever been appointed foreman of the grand jury. The question was raised only after the trial and was not timely. Polk v. State, 288 So.2d 452 (Miss. 1974), cert. den. 419 U.S. 867, 95 S.Ct. 123, 42 L.Ed.2d 104; Holloway v. State, 242 So.2d 454 (Miss. 1970); Gordon v. State, 160 So.2d 73 (Miss. 1964). We are of the opinion that there is no error in the action of the trial judge in overruling appellant's motion for new trial on that ground.
The judgment of the trial court is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.