Henry Clayton Temple was convicted in the Circuit Court of Hinds' County of conspiracy to distribute cocaine in violation of Miss. Code Ann. § 97-1-1 (Supp. 1985). Temple appeals assigning the following errors:
(1) The court erred in not declaring a mistrial when the state continually attempted to impeach appellant with evidence of other crimes, thereby prejudicing the jury against him.
(2) The evidence against appellant was not sufficient to support the verdict and a directed verdict or judgment N.O.V. should have been entered by the court.
(3) It was error for the court to enhance the sentence of appellant beyond that offered to him in plea negotiations.
 I.
During the evening of February 15, 1984, Rose G. Wright agreed to sell one-quarter ounce of cocaine to Jackson Undercover Police Officer Phillip Burnham. The two met in the parking lot of the Ellis Isle Shopping Center. Unknown to Ms. Wright, she and Officer Burnham were under surveillance by Officers Guy, Isles, Saville, Gladney and Dyer of the Jackson Police Department.
Ms. Wright did not have the cocaine with her, so she asked Officer Burnham to follow her to her house. Shortly after their arrival at her house, Ms. Wright left again to get the cocaine. Officer Burnham stayed at Ms. Wright's house.
Officers Saville and Isles followed Ms. Wright to the Jitney Jungle located at the corner of Meadowbrook Road and North State Street, in Jackson. Ms. Wright waited in her car over an hour until the appellant, Henry Temple, drove onto the parking lot and went into the grocery store. Ms. Wright followed Temple into the store where Temple "passed her a small package." Ms. Wright later identified the small package as cocaine.
After receiving the package, Ms. Wright returned to her car and drove back to her house. She was subsequently arrested trying to sell the cocaine to Officer Burnham. During her debriefing at police headquarters, Ms. Wright informed the police her cocaine supplier had been the appellant, Henry Temple.
Temple was subsequently arrested, indicted, and convicted on charges of conspiracy to distribute cocaine. From that conviction, Temple perfects this appeal.
 II.
SHOULD THE TRIAL COURT HAVE GRANTED A MISTRIAL BECAUSE OF PROOF OF OTHER ALLEGED CRIMES?
During cross-examination, Temple was asked a series of general questions regarding his involvement with selling cocaine. Temple was asked whether he "fronted" cocaine for Ms. Wright the evening of February 15, 1984 or any time before that date. Temple denied any involvement with cocaine.
Also during cross-examination, Temple was asked to identify Eddie Berry, an officer with the Mississippi Bureau of Narcotics. The jury was excused and the trial judge inquired as to where the prosecutor's line of questioning was going. The prosecutor announced his intention to use Officer Berry as a rebuttal witness to prove Temple had previously dealt in cocaine. The defense attorney objected that Berry's testimony would be evidence of another crime. The prosecutor responded, "Absolutely evidence of other crimes, Your Honor."
For whatever reason, Officer Berry was never called to give testimony regarding other crimes by Mr. Temple. Nevertheless, appellant contends the state's cross-examination of him denied his constitutional right to trial by an impartial jury. As a remedy, appellant contends the trial court should have granted a mistrial. *Page 381 
It is worth noting that appellant's counsel neither moved for a mistrial nor objected to the cross-examination by the prosecutor. Contemporaneous objection is necessary to preserve the right to raise an error on appeal. Sand v. State, 467 So.2d 907, 910 (Miss. 1985).
Nevertheless, Rule 5.15 of the Uniform Criminal Rules of Circuit Court Practice allows the trial court to grant a mistrial on its own motion if "[t]he trial cannot proceed in conformity with law. . . ."
Having reviewed the record, this Court believes the prosecutor was within the latitude allowed for cross-examination and that the trial was conducted in conformity with the law. Therefore, no mistrial was necessary.
 III. WAS THE EVIDENCE SUFFICIENT TO SUPPORT A VERDICT?
Under this assignment of error, appellant contends he was entitled to a directed verdict or, in the alternative, a judgment notwithstanding the verdict. The well-settled rule in Mississippi regarding directed verdicts is:
 In passing upon a motion for a directed verdict, all evidence introduced by the state is accepted as true, together with any reasonable inferences that may be drawn from that evidence, and, if there is sufficient evidence to support a verdict of guilty, the motion for a directed verdict must be overruled.
Bayse v. State, 420 So.2d 1050, 1054 (Miss. 1982).
In the case sub judice, if the testimony of Rose G. Wright coupled with the testimony of Officer Burnham, Isles, Gladney, and Dyer, is taken as true, the trial court was correct in overruling appellant's motion for a directed verdict. As for a judgment notwithstanding the verdict, the Court is "not at liberty to direct that the defendant be discharged short of a conclusion . . . that given the evidence, taken in the light most favorable to the verdict, no reasonable hypothetical juror could find beyond a reasonable doubt that the defendant was guilty."Pearson v. State, 428 So.2d 1361, 1364 (Miss. 1983). The trial court did not err in failing to grant defendant's motion for judgment notwithstanding the verdict.
 IV. DID THE TRIAL JUDGE IMPROPERLY ENHANCE TEMPLE'S SENTENCE?
The trial court sentenced Temple to ten years in prison and fined him $10,000. Five years of the prison term was suspended. On appeal, Temple contends he was offered an opportunity to plead guilty to the offense for which he was convicted and in return receive a recommendation of a three year sentence with no fine. Temple argues it was error for the court to enhance the sentence beyond that offered to him during plea negotiations because the defendant exercised his constitutional right to a jury trial.
"In all criminal prosecutions the accused shall have a right to . . . a speedy and public trial by an impartial jury. . . ." Art. 3, Sec. 26 Mississippi Constitution. See also U.S. Const. Amendment VI.
This Court has held numerous times that "it is absolutely impermissible for a trial judge to impose a heavier sentence based in whole or in part upon a defendant's exercise of his constitutionally protected right to trial by jury." Gillum v.State, 468 So.2d 856, 864 (Miss. 1985); Pearson v. State,428 So.2d 1361, 1365 (Miss. 1983); Williamson v. State,388 So.2d 168, 170 (Miss. 1980); and Fermo v. State, 370 So.2d 930, 933 (Miss. 1979).
The role of the trial judge in the plea bargaining process was described in Fermo v. State, 370 So.2d at 933 as follows:
 While a trial judge must control the sentencing phase of a criminal trial and has the responsibility and duty of approving or disapproving a recommendation by the prosecutor, he should never become involved, or participate, in the plea bargaining process. He must remain aloof from such negotiations. The trial judge always must be circumspect *Page 382 
and unbiased, at all times displaying neutrality and fairness in the trial, and consideration for the constitutional rights of the accused.
The record in the present case reflects the sentence was not enhanced in whole or in part because Temple exercised his right to a trial. In fact, the trial judge was unaware of the negotiations, as evidenced by his comments to appellant's counsel:
 I don't know whether this is correct — that you received an offer of a three year sentence or not but to me it doesn't make any difference whether you received it or not. When it's left to me to make a determination of sentence, I do so and, as I stated at the time I sentenced him, I have known Mr. Temple through his father for a long time and it was a difficult decision for me to make to impose any time on him but I did so with what I thought was an appropriate sentence for the offense and I still think so.
The trial judge's comments also reflect he remained "aloof," "circumspect," and "unbiased" as described in Fermo. For those reasons, this Court holds there was no error in the sentencing of Temple or the overruling of Temple's motion to commute sentence.
 IV. SHOULD TEMPLE HAVE BEEN GRANTED A NEW TRIAL?
In Mississippi a new trial will not be ordered unless the court is "convinced that the verdict is so contrary to the overwhelming weight of the evidence that, to allow it to stand, would be sanction an unconscionable injustice." Pearson v. State, 428 So.2d at 1364. The recital of the facts herein clearly shows a factual dispute between the prosecution witness and the defendant that was resolved by the jury as factfinder.
In the opinion of this Court, the verdict in the case at bar was not contrary to the overwhelming weight of the evidence and a new trial should not have been ordered on that ground.
Finding no reversible error, this Court affirms the conviction and sentence of Henry Clayton Temple.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P. JJ., and DAN M. LEE, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.