741 So.2d 960 (1999)
James TAYLOR a/k/a James Keith Taylor, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-01207-COA.
Court of Appeals of Mississippi.
June 22, 1999.
*961 Patsy Ann Bush, Hazlehurst, Attorney for Appellant.
Office of the Attorney General by Jolene M. Lowry, Attorney for Appellee.
BEFORE KING, P.J., PAYNE, AND THOMAS, JJ.
PAYNE, J., for the Court:

PROCEDURAL POSTURE AND ISSUES PRESENTED
¶ 1. James Taylor appeals his conviction for the sale of cocaine within 1,500 feet of a school. From this sentence Taylor timely filed this appeal challenging the proportionality of his sentence to the crime committed and arguing that the trial judge in this instance punished him for demanding a trial. Upon review of the record before us, we affirm the conviction and sentence in this case.

FACTS
¶ 2. On November 10, 1995, at approximately 1:40 p.m., Sergeant Ron Crew, with the Hazlehurst Police Department assigned to the Metro Narcotics Unit, met with Agents Frezeale Williams and Steve Ray of the Mississippi Bureau of Narcotics, Department of Corrections Officer Jones, Chief Stuart, and a cooperating individual (CI), to set up an undercover buy in Crystal Springs, Mississippi. Agent Williams installed a video recording device and a transmitter in an undercover vehicle, so the agents could monitor any transaction that took place.
¶ 3. Agent Ray and the CI drove to Taylor Hill in Crystal Springs, with the surveilling units following close behind. The surveilling units parked at the Crystal Springs Junior High and monitored the transaction. When Agent Ray and the CI arrived at Taylor Hill, the two rolled down the windows. A black male approached *962 the passenger side window, and both Agent Ray and the CI asked for "40." The man gave Agent Ray three rocks in return for $40.
¶ 4. Agent Ray and the CI left Taylor Hill and went to a post-buy meeting. Agent Ray gave the evidence and tapes to Sergeant Crew. Agent Ray viewed the videotape of the transaction during the trial and testified that the individual who sold him the three rocks was the defendant, James Taylor. Monica Marie Artis, a forensic scientist with the Mississippi Crime Laboratory, stated that she tested the exhibit and found the substances to contain cocaine.
¶ 5. Sergeant Crew testified that he and several other officers secured a steel surveying tape and measured where the transaction took place to the school property corner. Sergeant Crew testified that from the school property corner to the buy spot was approximately 1200 feet.
¶ 6. Jimmy Keith Taylor testified for the defense. Jimmy is James's brother. Jimmy testified that beside James he has two other brothers, Frank and Robert. He stated that all four of the brothers are very similar in appearance and are very close in age, ranging from nineteen to twenty-five.
¶ 7. The jury agreed with the State's version of events, and found James Taylor guilty of the sale of cocaine. Since Taylor was indicted and convicted under section 41-29-142 of the Mississippi Code, as amended, which prohibits the selling of a controlled substance within 1500 feet of a school and permits the trial court to give an enhanced sentence to a defendant convicted of such an offense, the trial court gave Taylor a sixty year sentence. From this sentence, Taylor appeals.

DISCUSSION AND ANALYSIS

I. THE SENTENCE OF THE COURT IS CRUEL AND UNUSUAL PUNISHMENT AND IS DISPROPORTIONATE TO THE CRIME FOR WHICH APPELLANT WAS FOUND GUILTY.
¶ 8. Taylor first challenges on appeal that his constitutional right to be free from cruel and inhuman treatment was violated by the trial court's sentence. Taylor maintains that the sixty year sentence is more prison time than most murderers, kidnappers, or armed robbers receive and is effectively the imposition of a life sentence.
¶ 9. Taylor concedes that a defendant can be sentenced by the court up to the maximum penalty provided by law; however, the Mississippi Supreme Court has issued a caveat that such a penalty must pass constitutional muster. See Clowers v. State, 522 So.2d 762 (Miss.1988) (involving trial court imposing the less than mandatory maximum sentence and on appeal the Mississippi Supreme Court affirmed); Presley v. State, 474 So.2d 612 (Miss.1985) (finding a forty year sentence without hope of parole imposed for armed robbery violated the Eighth Amendment).
¶ 10. As a general rule, sentencing is purely a matter of trial court discretion so long as the sentence imposed lies within the statutory limits. Fleming v. State, 604 So.2d 280, 302 (Miss.1992). However, when a sentence is grossly disproportionate to the crime committed, the sentence is subject to attack on grounds that it violates the Eighth Amendment's prohibition against cruel and unusual punishment. Id.
¶ 11. Taylor argues that pursuant to Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), we are required to perform a proportionality review on the ground that it was not shown that he was a major drug dealer, he was only twenty-four years of age at the time of this drug sale, his prior convictions have been for petty drug sales, and his sixty year sentence was totally out of proportion to what others convicted of similar crimes in the same and other jurisdictions were given. In Solem the United States Supreme Court articulated a three-prong test for evaluating proportionality. The elements *963 include: "(1) the gravity of the offense and the harshness of the penalty; (2) comparison of the sentence with sentences imposed on other criminals in the same jurisdiction; and (3) comparison of sentences imposed in other jurisdictions for commission of the same crime with the sentence imposed in this case." Id. at 290-91, 103 S.Ct. 3001.
¶ 12. Taylor admits that as to the first prong the sale of crack cocaine is a serious offense. However, he states, a thirty-year sentence is the maximum allowed and the sentence becomes draconian when it is imposed for the sale of only a very small quantity of the illegal drug. Moreover, the enhancement provision for sale of a controlled substance provides that it is discretionary with the trial court as to punishment meted out for such a sale. The lower court is not mandated to double the punishment under Miss.Code Ann. § 41-29-142 (Rev.1993).
¶ 13. As to the second prong of the test, Taylor set forth the sentences of twelve different sale of crack cocaine cases. The sentences range from eight years to thirty years. The examples of others similarly situated however are sentencing orders of defendants sentenced on guilty pleas. Only one example is provided of a defendant who did go to trial, but he was convicted of sale of crack cocaine without the enhancement provision; he also received the maximum sentence allowed.
¶ 14. The third prong of the Solem test calls for a comparison of the sentences given for the same crime in other jurisdictions. Taylor gives this Court six examples from another jurisdiction; however, of the sentencing orders submitted all the defendants plead guilty, and none were convicted of sale of cocaine within 1500 feet of a school.
¶ 15. Taylor argues that based on the foregoing it is clear that he has demonstrated that the test set forth in Solem warrants that his sentence is highly disproportionate to similar sentences in his district as well as the neighboring district. Taylor is incorrect as he did not provide any statistics or data establishing that others convicted in the same or other jurisdictions of similar crimes are in fact given lighter sentences.
¶ 16. In Stromas v. State, 618 So.2d 116, 122 (Miss.1993), the Mississippi Supreme Court upheld a sixty year sentence enhanced under Mississippi's habitual offender statute where the defendant was convicted of selling seventy dollars worth of cocaine. On appeal, Stromas argued that the sixty year sentence for a single sale of a small amount of cocaine was inconsistent with other sentences in that and other jurisdictions for similar offenses and that his sentence was subject for a proportionality review under Solem. In holding that the sentence was not disproportionate to the crime committed, the court stated: "Because this sentence was within the statutory guidelines, and because this State's legislature, as a matter of public policy, has called for stiff penalties for drug offender[s], Solem v. Helm is not implicated in this case." Stromas, 618 So.2d at 123. Moreover, it is the general rule that where a sentence is within terms authorized by statute, the sentence will not be disturbed on appeal. Id. at 122.
¶ 17. In a recent Mississippi Supreme Court decision, Davis v. State, 724 So.2d 342 (Miss.1998), the defendant argued that her sentence of sixty years for selling two rocks of crack cocaine for $40, within 1500 feet of a church, was cruel, inhuman, and disproportionate when viewed against similar sentences given for like offenses. Id. at (¶ 8). The court stated, "[i]t is unfortunate that we have little before us to explain this sentence ... we are not told how many prior offenses are in her history or the nature or punishment given for her earlier transgression or transgressions." Id. at (¶ 9). "[O]ne cannot but be concerned about the severity of the sentence in this case in the absence of anything appearing in the record which reflects egregious circumstances." Id. at (¶ 10). *964 Because of what the court believed was a "lack of justification for such a sentence on the face of the record," the Court remanded the case for resentencing finding that they did not have enough information before them to determine if the trial judge abused his discretion. Id. at (¶ 17).
¶ 18. Such is not the case here. The record indicates that Taylor's sale of cocaine in this instance was not his first offense. On May 2, 1991, Taylor plead guilty to unlawful possession of a controlled substance and was sentenced to three years in the custody of the Mississippi Department of Corrections, with five years probation. Taylor was also charged on April 11, 1992 with failure to comply, assault on an officer, resisting arrest, and possession of marijuana. The record is unclear of what became of these charges. Therefore, unlike Davis, there is no lack of justification for his sentence in this case. The trial court also asked Taylor if there was anything he wanted to say before sentencing, but Taylor declined. The trial judge then stated, "the offense of selling cocaine to me is an extremely dangerous offense, and the reason for that is because it puts so many people's lives in jeopardy when you do that." Thereafter, the court imposed the maximum sentence of sixty years on Taylor. The trial court was statutorily authorized to give Taylor the maximum prison term. See Miss.Code Ann. § 41-29-142 (Rev.1993). Consequently, we affirm the trial court's sentence.
¶ 19. Taylor also argues in his first assignment of error that he was not provided an adequate presentencing hearing in light of the sentence imposed upon him. After Taylor's verdict was announced and the jurors were escorted out of the courtroom, the trial judge asked Taylor if he was ready for sentencing. Taylor's attorney asked if the trial court wanted a presentence investigation, and the court replied that it would if that was the desire of Taylor. Taylor and his attorney conferred and stated that they were ready to go ahead and proceed with sentencing. It is clear from the above that the trial judge certainly would have granted a request for a presentence investigation from Taylor if he had asked for one. The judge can hardly be held to have been in error for failure to grant that which Taylor explicitly turned down. Also, "the use of presentence investigations and reports is discretionary with the trial judge and is not mandatory. A defendant does not have a right to a presentence investigation." Edwards v. State, 615 So.2d 590, 598 (Miss.1993) (citations omitted). There was no error here.

II. THE ACCUSED WAS PUNISHED FOR DEMANDING A TRIAL.
¶ 20. Taylor states that at the outset of the term he was offered a plea bargain by the State in return for a guilty plea on his indictment. Instead, he exercised his constitutional right to and requested a trial by a jury of his peers. He argues that because he proceeded to trial the judge punished him with such a severe sentence.
¶ 21. As stated above, the imposition of a defendant's sentence is within the discretion of the trial court, and generally, this Court will not review the sentence if it is within statutory limits. Reynolds v. State, 585 So.2d 753, 756 (Miss. 1991). However, the trial court is prohibited from imposing a heavier sentence because the defendant has exercised his constitutional right to trial by jury than that which was offered the defendant in the plea bargaining process. Temple v. State, 498 So.2d 379, 381 (Miss.1986). The trial judge should never participate in plea bargaining process and should base the defendant's sentence only upon legitimate factors. Fermo v. State, 370 So.2d 930, 932-33 (Miss.1979). The court does not err in sentencing the defendant to a greater sentence than that which was offered in the plea bargaining process where the record reflects that the court remained aloof from the bargaining process or was unaware of the bargaining. Temple, 498 So.2d at 382.
*965 ¶ 22. In this case, there is no showing as to what plea bargain offer had been made to Taylor. Additionally, the trial judge stated on the record the reason why he imposed the sixty year sentence. There is nothing in the record, and Taylor does not allege, that the judge was in anyway involved in the plea negotiations between Taylor and the State. Since sentencing is purely a matter of trial court discretion and Taylor's sentence was imposed within the statutory limits, we find no merit to this issue.
¶ 23. THE JUDGMENT OF THE COPIAH COUNTY CIRCUIT COURT OF CONVICTION OF THE SALE OF COCAINE WITHIN 1500 FEET OF A SCHOOL AND SENTENCE OF SIXTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COPIAH COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., COLEMAN, DIAZ, LEE, AND THOMAS, JJ., CONCUR.
IRVING, J., CONCURS IN RESULT ONLY.
BRIDGES, J., NOT PARTICIPATING.