ROBERTS, J.,
for the Court:
¶ 1. A jury sitting before the Amite County Circuit Court found Shelby Leroy Chisholm guilty of sexual battery. The circuit court sentenced Chisholm to thirty years in the custody of the Mississippi Department of Corrections. Aggrieved, Chisholm appeals and claims that the circuit court sentenced him to the maximum sentence for sexual battery to punish him for exercising his right to a trial instead of pleading guilty. Chisholm requests that this Court vacate his sentence and remand this matter to the circuit court for resen-tencing. However, we find no error and affirm.
*978 FACTS AND PROCEDURAL HISTORY
¶ 2. Chisholm was found guilty of the sexual battery of Jane Doe, who was nine years old at the time of Chisholm’s trial.[1] Jane lived primarily with her biological grandmother and adoptive mother, Alice, in their home in Amite County, Mississippi.[2]
¶ 8. Chisholm lived near Jane and Alice. Testimony at trial indicated that Jane’s family had ample reason to trust Chisholm with Jane. In November 2008, Jane was visiting Chisholm’s home while Alice was in the hospital. According to Jane, Chisholm took her in his room, and without going into unnecessarily graphic detail, Chisholm sexually abused her. Jane later testified that Chisholm told her, “don’t tell [anyjbody.”
¶4. Jane followed Chisholm’s instructions for approximately two months. However, in January 2009, Alice and Jane were in Jackson, Mississippi, while a family member underwent a medical procedure. While Alice and Jane were in a restaurant, Jane told Alice that Chisholm had “sexed” her.
¶ 5. That evening, Alice took Jane to the Southwest Mississippi Regional Medical Center in McComb, Mississippi. A triage nurse contacted local authorities, who came to the hospital and briefly discussed matters with Alice and Jane. Dr. Brett Tisdale’s examination revealed that Jane’s hymen was not intact. Shortly afterward, Jane was interviewed by Lori Tate, the executive director of the Southwest Mississippi Children’s Advocacy Center. Tate concluded that Jane’s statements were consistent with a child who had been sexually abused.
¶ 6. On February 2, 2009, an Amite County grand jury returned an indictment against Chisholm and charged him with sexual battery of Jane. Chisholm pled “not guilty.” On May 21, 2009, Chisholm went to trial.
¶7. The prosecution called four witnesses: Alice, Jane, Tate, and Dr. Tisdale. After unsuccessfully moving for a directed verdict, Chisholm opted not to testify or call any witnesses. The jury deliberated for twenty minutes before it returned a guilty verdict.
¶8. The circuit court proceeded with sentencing at that time. Chisholm’s mother requested that the circuit court be lenient with Chisholm. Chisholm also gave a brief statement. The circuit court then sentenced Chisholm. The circuit court’s precise statement will be discussed in detail in the analysis portion of this opinion. Briefly stated, the circuit court sentenced Chisholm to thirty years in the custody of the MDOC — the maximum sentence for sexual battery. Aggrieved, Chisholm appeals the circuit court’s sentence. On appeal, Chisholm claims the circuit court “imposed a vastly harsher sentence because [he] chose to go to trial.”
STANDARD OF REVIEW
¶ 9. The Mississippi Supreme Court has held that “the imposition of a sentence, if it is within the limits prescribed by statute, is a matter left to the sound discretion of the trial court, and that the appellate courts will not ordinarily disturb a sentence so imposed.” King v. State, 857 So.2d 702, 731 (¶ 107) (Miss.2003) (citations omitted).
*979 ANALYSIS
¶ 10. Chisholm interprets one of the circuit court’s statements prior to trial as a warning that it would hold Chisholm’s failure to plead guilty against him if he was found guilty after a trial. Chisholm relies on the following exchange to bolster his “warning” interpretation:
BY THE COURT: Now, I just want to make sure you understand one thing, and I want you to listen to me.
BY [CHISHOLM]: Yes, sir.
BY THE COURT: Because there is no plea bargaining in this district, and this is a very serious charge.
BY [CHISHOLM]: I know.
BY THE COURT: And it puts a lot on the Court because in a district where they have plea bargaining, the DA can come to you and say, well, if you plead guilty we’ll recommend. This would be our recommendation of sentence. One of the primary things that’s involved in this case from everybody’s viewpoint, clearly the State’s, the idea of a nine-year-old child having to get up on the witness stand in front of a lot of people here in court and relate things of a very personal nature to people, and I just want to make you understand that in the event that you’re found guilty, that’s clearly one of the things I take into consideration.
BY [CHISHOLM]: Yes, sir. I understand.
BY THE COURT: I hope you understand what I’m saying here because we are fixing to cross, a bridge that can’t be uncrossed. I don’t know what the evidence is going to show in this case or what the jury is going to do, but I just want you to understand and let me say this. It’s not a matter of — you have an absolute right to go to trial, but in the event that you are found guilty, that will be one of the things I take into consideration. Do you understand that?
Chisholm responded, “[y]es, sir.” The prosecution then informed the circuit court that it had expressed its consent to allow Chisholm to plead guilty “to sexual battery under a lesser offense which, I think, the maximum sentence on that would be twenty years.” The prosecution added that it made the offer to Chisholm “as an alternative to require this child to take the witness stand in here.”
¶ 11. Next, Chisholm claims that the following statements by the circuit court during sentencing are indicative of the circuit court’s imposition of a harsh sentence based on Chisholm’s decision to opt for a jury trial:
First of all, it’s disgusting what happens when a child nine years of age is ... not given a chance to grow up, but just immediately jump[s] in the wor[l]d of sex with an adult. That is disgusting enough, and that’s horrifying enough for a child to go through, but you know what a lot of people think is worse than that[?] ... [Tjhat’s when that child has to come up here and sit up here in public on a witness stand in front of a bunch of strangers on a jury and people in their family that they know out there in the courtroom and have to go through it in detail. That’s what’s just as bad, and I have had a lot of people in your situation come up here that do despicable acts, and I am going to tell you, everybody — I firmly believe that when you commit an act, you ought to be given a chance to do right after it and given a second chance, and a lot of people sitting in your situation do the right thing afterwards, and you know what they do? They come up here and admit what they do and be a man about it, and they save a child from having to go through the second trauma which is *980 coming up here and testifying, but you chose not to do that. I don’t know who you were listening to or what, but you apparently at some point you told — admitted to law enforcement what you did,[3] and the evidence is you admitted to the child’s grandmother what you did ..., but be that as it may, this is America and you have a right to a public trial, and you chose to do that and chose to put that child through this even in the face of all this compelling evidence. So I’m sitting up right here and trying to find a reason to cut your sentence down and be lenient with you, and I can assure you if you had been straight forward with this Court as apparently you were willing to do at one time and admit your guilt and come forward and had done that, I would be looking at you as far as a sentence a lot differently, but this is a despicable act.... You have had your day in court. You have had your right, and I just hope this child can move on with her life. I know you’re sitting up here and you’re worried about your children, but you know what? You know who’s fault that is? You know who caused that to come about? You. We’re accountable for our actions. And I wish you had done the right thing after this had happened and save[d] this child from testifying, but I just hope this nine-year-old child ... can go on with her life and find some type of normalcy.... In summary, I see no reason to deduct a single day from what you can get.
¶ 12. The Mississippi Supreme Court has held that “it is absolutely impermissible for a trial judge to impose a heavier sentence based in whole or in part upon a defendant’s exercise of his constitutionally protected right to trial by jury.” Temple v. State, 498 So.2d 379, 881 (Miss.1986) (citations omitted). However, in Hersick v. State, 904 So.2d 116, 127 (¶¶ 46-47) (Miss.2004), the Mississippi Supreme Court examined a scenario in which the defendant in that case had been offered a plea bargain of ten years with five years suspended, but upon conviction after a jury trial, the circuit court sentenced that defendant to ten years. The supreme court found no error and held that “[wjhether the defendant takes responsibility for his or her actions is a fair consideration for the trial court in sentencing.” Id. at 128 (¶ 49).
¶ 13. Likewise, in Dunigan v. State, 915 So.2d 1063, 1072 (¶ 39) (Miss.Ct.App.2005), this Court found no merit to a strikingly similar argument where the record indicated that a trial judge had recognized a defendant’s right to a trial and expressed that he wished the defendant in that case “would have come forward and admitted his involvement.” Furthermore, the Mississippi Supreme Court has held as follows:
It is the prerogative of the Legislature to determine the appropriate sentence for crimes, and we do not consider the statutory punishment of thirty years for the crime of sexual battery to be excessive, especially when the victim is a child of tender years. Child molestation has become rampant in our society, and due to the nature of the offense, the emotional (and sometimes physical) harm to the child victim is irreparable.
King, 857 So.2d at 732 (¶ 107) (quoting Bell v. State, 797 So.2d 945, 950-51 (¶ 31) (Miss.2001)).
¶ 14. In the case presently before us, the circuit court clearly stated that it rec *981 ognized Chisholm’s right to a trial. The circuit court made it imminently clear that it was not imposing the maximum sentence for sexual battery because Chisholm had exercised his constitutional right to a trial. Instead, the circuit court sentenced Chisholm as it did because Chisholm did not accept responsibility for his actions. The circuit court gave Chisholm an opportunity to speak prior to sentencing. Even after conviction, Chisholm expressed no remorse for Jane. Instead, he lamented that he would not be able to see his three small children grow up if the circuit court sentenced him to a prison term. The circuit court also took into consideration that, as a consequence of Chisholm’s failure to accept responsibility for his behavior, Jane was required to testify regarding the sexual battery that she had suffered. Furthermore, the lesser sentence that Chisholm might have received if he had pled guilty would have been incident to the prosecution’s offer to allow Chisholm to plead guilty to a lesser charge with a less severe maximum penalty.
¶ 15. As stated above, “the imposition of a sentence, if it is within the limits prescribed by statute, is a matter left to the sound discretion of the trial court, and that the appellate courts will not ordinarily disturb a sentence so imposed.” King, 857 So.2d at 731 (¶ 107) (citations omitted). Chisholm does not argue that his sentence is in excess of that which is authorized by law. He merely argues that the circuit court sentenced him to the maximum sentence possible as a punishment for Chisholm’s decision to exercise his right to a trial. However, based on the circuit court’s clear statements regarding its motivations in sentencing, we find no merit to Chisholm’s argument on appeal.
¶ 16. THE JUDGMENT OF THE AM-ITE COUNTY CIRCUIT COURT OF CONVICTION OF SEXUAL BATTERY AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO AMITE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE AND MAXWELL, JJ„ CONCUR. CARLTON, J., NOT PARTICIPATING.

. Due to the sensitive nature of the crime, we use a fictitious name to protect the identity of the victim.

. We also use a fictitious name for Alice to further protect the victim's identity.

. The trial transcript reflects that the circuit court had suppressed two purported confessions: one in which Chisholm initiated contact with authorities and admitted his guilt, and another in which Chisholm verbally admitted his guilt while talking to Alice.