LEE, C.J.,
for the Court:
¶ 1. James Cody Perry pleaded guilty to attempted statutory rape of a thirteen-year-old girl. After being sentenced, Perry filed a petition for post-conviction relief (PCR), which was subsequently denied. He now appeals claiming that the circuit judge was impermissibly involved in his guilty-plea negotiations. Perry asserts that his guilty plea was not knowing, intelligent, and voluntary because of this involvement. Finally, Perry claims his guilty plea should be set aside because the prosecution failed to provide him with the 2007 incident report.
FACTS AND PROCEDURAL HISTORY
¶ 2. In May 2008, Perry was indicted for the statutory rape of a thirteen-year-old girl. Perry faced a potential sentence of twenty years to life in the custody of the Mississippi Department of Corrections (MDOC). Miss.Code Ann. § 97-3-65(3)(c) (Supp.2012). Assistant District Attorney (ADA) Lauren Harless tentatively agreed to reduce Perry’s charge to attempted statutory rape, which would carry a maximum sentence of ten years. See Miss. Code Ann. § 97-1-7 (Rev.2006).
¶ 3. Because Perry wanted to avoid incarceration, Perry’s attorney, Michael Reed, sought assurances that Circuit Judge Prentiss Harrell would not sentence Perry to a term of incarceration. Reed, with ADA Harless on the line, telephoned Judge Harrell- and explained the circumstances. There was evidence that Judge Harrell said he was “99 percent” certain he would not incarcerate Perry if Perry pleaded guilty to attempted statutory rape. However, Judge Harrell clearly indicated that this was contingent on Perry’s presen-tence investigation report.
¶ 4. That same day, Perry filed a guilty-plea petition. He swore that he had not been promised any particular sentence. He also acknowledged the range of possible sentences that he could receive, including the minimum and maximum sentences for attempted statutory rape.
¶ 5. The next day at the hearing on Perry’s guilty-plea petition, Judge Harrell explained that he had the authority to sentence Perry within the statutory restrictions that apply to attempted statutory rape. Perry’s guilty plea was described as a “best-interest” guilty plea under North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Again, Perry swore that he had not been promised any particular sentence. Judge Harrell accepted Perry’s guilty plea, but refrained from sentencing Perry until after he received the presentence investigation report.
¶ 6. After reviewing Perry’s presentence investigation report, Judge Harrell contacted Reed. Judge Harrell explained that he planned to sentence Perry to an unspecified term of incarceration; however, he gave Perry the option to withdraw his guilty plea. According to ADA Harless, “Reed came back [into] the conference and indicated that [Perry] did not wish to withdraw [his guilty] plea[,] and [he] wanted to go on to sentencing.” Judge Harrell sentenced Perry to ten years in the custody of the MDOC with three years suspended and seven years to serve, followed by three years of post-release supervision.
¶ 7. Assisted by a different attorney, Perry filed a PCR petition and claimed that the circuit court should set aside his guilty plea for two reasons: (1) Judge Harrell improperly participated in the plea negotiations; and (2) the prosecution committed a discovery violation in that it had not disclosed an incident report regarding the victim. Because Perry planned to call Judge Harrell as a witness, Judge Harrell *1059 recused, and the Mississippi Supreme Court appointed a special circuit judge.
¶ 8. After an evidentiary hearing on Perry’s PCR petition, the special circuit judge found that Judge Harrell did not improperly participate in Perry’s plea negotiations and that the prosecution did not commit a discovery violation. Consequently, the special circuit judge denied Perry’s PCR petition. Perry appeals.
STANDARD OF REVIEW
¶ 9. When reviewing a circuit court’s decision to deny a PCR petition, an appellate court “will not disturb the [circuit] court’s factual findings unless they are ... clearly erroneous.” Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999). However, we review questions of law de novo. Id.
DISCUSSION
I. INVOLVEMENT IN PLEA NEGOTIATIONS
¶ 10. Perry claims that Judge Harrell was improperly involved in the guilty-plea negotiations. According to Perry, “Judge Harrell ... made representations to ... Reed that were not fulfilled.” Perry notes that “Judge Harrell represented that he was 99% sure that he was not going to give ... Perry any jail time.” Perry claims that he pleaded guilty “based on the representation that he would not be incarcerated.”
¶ 11. The special circuit judge held that Perry was not entitled to relief based on Fermo v. State, 370 So.2d 930 (Miss.1979). Among other issues, Fermo alleged that the circuit judge had sentenced him more harshly because he refused to plead guilty and opted for a trial. Id. at 932. The supreme court noted that Fermo’s “attorney initiated ... conversations with the [circuit] judge [regarding Fermo’s possible] guilty plea in an effort to obtain the lightest sentence possible for his client.” Id. at 932-33. The supreme court stated that “but for the [defense] attorney’s action in approaching the ... judge, [the judge would not have been involved].” Id. at 933.
¶ 12. The special circuit judge did not err when he applied the principle discussed in Fermo that an “appellant cannot take advantage of a situation or an error which he invited or induced the [circuit] court to commit.” Id. Judge Harrell was not involved in the decision to reduce Perry’s charge from statutory rape to attempted statutory rape. Reed telephoned Judge Harrell to obtain some assurance that he would not sentence Perry to a term of incarceration. Judge Harrell did not guarantee that Perry would not be sentenced to a term of incarceration. To the extent that Judge Harrell’s response to Reed’s questions can be characterized as “involvement in plea negotiations,” Judge Harrell would not have been involved but for Reed’s approaching him. There is no merit to this issue.
II. KNOWING, INTELLIGENT, AND VOLUNTARY GUILTY PLEA
¶ 13. Perry also claims that he did not knowingly, intelligently, and voluntarily plead guilty. Before sentencing, Judge Harrell told Reed that he would sentence Perry to a term of incarceration and gave Perry the opportunity to withdraw his guilty plea. Perry declined to do so. If convicted of statutory rape, Perry could have been sentenced to a minimum of twenty years and a maximum of life in the custody of the MDOC. Miss.Code Ann. § 97 — 3—65(3)(c). By pleading guilty to attempted statutory rape, Perry faced a maximum sentence of ten years in the custody of the MDOC. Miss.Code Ann. *1060 § 97-1-7. As a result, Perry benefitted from his decision by avoiding a potentially harsher penalty for statutory rape.
¶ 14. Given Perry’s testimony that his defense theory had been “effectively destroyed,” it is reasonable to conclude that Perry made a calculated decision not to withdraw his guilty plea. We find no merit to this issue.
III. DISCOVERY VIOLATION
¶ 15. Finally, Perry argues that the special circuit judge should have set aside his guilty plea because the prosecution did not disclose a 2007 four-page incident report. According to Perry, the prosecution “failed to provide [Reed] with valuable information regarding the alleged victim’s proclivity to make false prior claims of sexual misconduct.” Perry claims that he would have opted to go to trial if the prosecution would have provided Reed with the incident report.
¶ 16. In Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the United States Supreme Court held that a defendant’s due-process rights are violated if the prosecution suppresses requested evidence that is favorable to the defendant “where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.” To prove a Brady violation, a defendant must demonstrate:
(a) that the [prosecution] possessed evidence favorable to the defendant (including impeachment evidence); (b) that the defendant does not possess the evidence nor could he obtain it himself with any reasonable diligence; (c) that the prosecution suppressed the favorable evidence; and (d) that had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the proceedings would have been different.
Havard v. State, 86 So.3d 896, 900 (¶ 12) (Miss.2012) (citation omitted).
¶ 17. There is no indication that the 2007 incident report could be characterized as favorable to Perry. The incident report does not indicate that the victim made any claim of sexual misconduct. Instead, the victim reported that she was at home when she heard a noise outside, and she had no memory of what happened between then and the time that she “woke up on [the street]” with cuts on her arms. According to the incident report, the victim did not know how she got outside or how she obtained the cuts on her arms. But the victim reported that she had “been hit with a brick.” Although the victim was taken to the hospital and tested for á possible sexual assault, the incident report does not indicate that the victim reported that she had been sexually assaulted. It appears that the sexual-assault test was a precautionary measure. Being tested for a possible sexual assault, in and of itself, cannot reasonably be interpreted as the victim’s “false prior claim of sexual misconduct” when there is no reference to an actual claim of sexual assault.
¶ 18. Additionally, the special circuit judge acted within his discretion when he disregarded Perry’s claim that he would have opted to go to trial for statutory rape if he would have had all four pages of the 2007 incident report. Reed had obtained one page of the four-page incident report before Perry pleaded guilty, but failed to request the other three pages from ADA Harless. We agree with the special circuit judge that:
Since [Perry] had copies of [the] damning [2009] reports and statements and [he] chose to plead guilty rather than go to trial, it is inconceivable ... that ... the inconsequential 2007 report ... *1061 would have been a game changer to the extent that the 2007 report would have been the magic bullet that would cause [Perry] to go to trial.
Accordingly, it was within the special circuit judge’s discretion to find that Perry failed to adequately demonstrate a Brady violation. There is no merit to this issue.
¶ 19. THE JUDGMENT OF THE LAMAR COUNTY CIRCUIT COURT DENYING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P. JJ., BARNES, ISHEE, CARLTON, FAIR AND JAMES, JJ., CONCUR. MAXWELL, J., CONCURS IN PART AND IN THE RESULT. ROBERTS, J., NOT PARTICIPATING.