ISHEE, J.,
 

 for the Court:
 

 ¶ 1. In March 2005, Paul Taylor pleaded guilty in Tate County Circuit Court to three counts of the sale of morphine.
 
 [1]
 
 The circuit court sentenced him to nineteen years in the custody of the Mississippi Department of Corrections (MDOC) with ten years suspended and nine years to serve. After his sentence, Taylor filed a petition for post-conviction relief with the circuit court. The petition was dismissed. Aggrieved by the dismissal, Taylor appeals. He asserts the following allegations of error:
 

 I. The actions of Taylor’s trial court attorney constituted ineffective assistance of counsel.
 

 II. The trial court erred by accepting Taylor’s guilty pleas.
 

 III. The trial court should have conducted a hearing on this matter to determine Taylor’s innocence.
 

 IV. The trial court erred in its failure to grant Taylor an evidentiary hearing.
 

 V. Taylor’s sentence was excessive and unconstitutional.
 

 Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶
 
 2.
 
 Taylor was arrested and charged with the sale of morphine in both Tate and
 
 *136
 
 Panola Counties. Taylor was approached by an undercover agent who was looking to buy morphine. Taylor, who has twice survived colon cancer, claimed that his condition required the use of morphine for pain management. On March 24, 2005, Taylor, who stated that he was satisfied with his attorney, pleaded guilty to three counts of the sale of morphine.
 

 DISCUSSION
 

 ¶ 3. First, Taylor takes issue with the actions of his trial attorney. Taylor argues that his trial attorney did not address the issues of jurisdiction, Taylor’s mental condition, severance, and other issues. Taylor points to the two-part test from
 
 Strickland,
 
 to determine the standard of review for resolving whether counsel was effective. However, Taylor offers no evidence to support his assertion that his trial attorney was ineffective.
 

 ¶ 4. Claims of ineffective assistance of counsel are reviewed by using the two-pronged test of
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). “In order to prevail on a claim of ineffective assistance of counsel [the defendant] has the burden of proof to show by a preponderance of the evidence that (1) counsel’s performance was deficient, and (2) that the deficiency did, in fact, prejudice the defendant.”
 
 Moreno v. State,
 
 967 So.2d 701, 703 (¶ 4) (Miss.Ct.App.2007) (citations omitted). “A defendant who pleads guilty to a crime is ‘prejudiced’ by his counsel’s erroneous advice if he would have insisted on going to trial if he had been eoi’reetly informed.”
 
 Reeder v. State,
 
 783 So.2d 711, 718 (¶ 28) (Miss.2001) (citation omitted). In determining whether the first prong of
 
 Strickland
 
 concerning counsel’s performance has been satisfied, we must “indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance....”
 
 Strickland,,
 
 466 U.S. at 689, 104 S.Ct. 2052. The second prong of the
 
 Strickland
 
 test requires that Taylor prove prejudice by showing that there was a reasonable probability, that but for counsel’s errors, the trial court’s result would have been different.
 
 Id.
 
 at 699, 104 S.Ct. 2052. Whether the prongs of this test are met is determined by an examination of the totality of the circumstances.
 
 Id.
 

 ¶ 5. Taylor stated under oath that he was satisfied with his attorney and that he was not coerced into entering his guilty pleas. Taylor has failed to demonstrate that his counsel’s performance was deficient in any way. He has not proven ineffective assistance of counsel based on the requirements of
 
 Strickland,;
 
 therefore, this issue is without merit.
 

 ¶ 6. Second, Taylor takes issue with the trial court’s accepting his guilty plea. Taylor contends that there was no evidence that he had committed the crime of the sale of morphine; therefore, no factual basis existed for his guilty pleas. However, Taylor stated under oath that he was not coerced into entering his guilty pleas and that he understood what he was pleading to. Therefore, this issue is without merit.
 

 ¶ 7. Third, Taylor contends that his constitutional rights have been violated, resulting in his guilty pleas. Taylor argues that he is innocent and that in light of his mental condition, a hearing should have been conducted on this matter to determine his actual innocence. Taylor has provided no evidence to offer proof of his actual innocence. He further failed to provide any proof of his incompetency. During his hearing with the trial court, Taylor’s medications and his mental illness were discussed; however, nothing was ever mentioned of Taylor’s being incompetent. Since Taylor offered no medical evi
 
 *137
 
 dence that he was incompetent to stand trial, this issue lacks merit.
 

 ¶ 8. Fourth, Taylor takes issue with the trial court’s refusal to grant him an eviden-tiary hearing. Taylor points to
 
 Myers v. State,
 
 583 So.2d 174 (Miss.1991) to support his assertion. However, Taylor offers no proof of error by the trial court on this issue. Thus, this issue is also without merit. Arguments advanced on appeal must “contain the contentions of the appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on.” M.R.A.P. 28(a)(6). “Failure to comply with [Mississippi Rule of Appellate Procedure] 28(a)(6) renders an argument proeedurally barred.”
 
 Birrages v. Ill. Cent. R.R.,
 
 950 So.2d 188, 194 (¶ 14) (Miss.Ct.App.2006). Assuming, for the sake of discussion, that Taylor was not proeedurally barred, we would find no merit to this argument.
 

 ¶ 9. Lastly, Taylor contends that his sentence was excessive and unconstitutional. Taylor argues that his sentence is cruel and unusual punishment under the Eighth Amendment to the United States Constitution and disproportionate to the crimes charged. Taylor has failed to offer any evidence to show any gross disproportion in his sentence. Taylor’s sentences were within the statutory guidelines for the crime for which he entered a guilty plea. The sentence imposed by the trial court was within the jurisdictional limits. “As a general rule, sentencing is purely a matter of trial court discretion so long as the sentence imposed lies within the statutory limits.”
 
 Taylor v. State,
 
 741 So.2d 960, 962 (¶ 10) (Miss.App.1999). “However, when a sentence is grossly disproportionate to the crime committed, the sentence is subject to attack on grounds that it violates the Eighth Amendment’s prohibition against cruel and unusual punishment.”
 
 Id.
 

 ¶ 10. In
 
 Solem v. Helm,
 
 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), the United States Supreme Court articulated a three-prong test for evaluating proportionality. The elements include: “(1) the gravity of the offense and the harshness of the penalty; (2) comparison of the sentence with sentences imposed on other criminals in the same jurisdiction; and (3) comparison of sentences imposed in other jurisdictions for commission of the same crime with the sentence imposed in this case.”
 
 Id.
 
 at 290-91, 103 S.Ct. 3001. In the present case, Taylor has failed to provide any statistics or data establishing that others convicted in the same or other jurisdictions of similar crimes are in fact given lighter sentences. Thus, Taylor’s final issue is without merit.
 

 ¶ 11. Finding no error, we affirm.
 

 ¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF TATE COUNTY DISMISSING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ROBERTS AND MAXWELL, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.
 

 [1]
 

 . Taylor was indicted on four counts of the sale of morphine. Three of those indictments were from Panola County, Mississippi. One of the Panola County indictments was remanded. Taylor pleaded guilty to the three remaining counts in Tate County.