# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-01772-COA

GREGORY A. THINNES A/K/A GREGORY THINNES        APPELLANT

v.

STATE OF MISSISSIPPI        APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 12/05/2014 |
| TRIAL JUDGE: | HON. C.E. MORGAN III |
| COURT FROM WHICH APPEALED: | WEBSTER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | THOMAS M. FORTNER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LISA L. BLOUNT |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED APPELLANT'S AMENDED MOTION FOR POSTCONVICTION COLLATERAL RELIEF |
| DISPOSITION: | REVERSED AND REMANDED - 07/19/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., CARLTON AND FAIR, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.     Gregory Thinnes appeals the Webster County Circuit Court's denial of his amended motion for postconviction collateral relief (PCR).[1] On appeal, Thinnes raises the following issues: (1) whether incorrect advice from his attorneys about his parole eligibility rendered his guilty plea unknowing, unintelligent, and involuntary; (2) whether his attorneys' incorrect

---

[1] Thinnes filed an initial PCR motion and an amended PCR motion. Although the circuit court denied both motions, Thinnes only appeals the denial of his amended PCR motion.

advice about parole eligibility amounted to ineffective assistance of counsel; and (3) whether the circuit court erred by denying his request for an evidentiary hearing on the issues raised in his amended PCR motion.

¶2.     Upon review, we find that Thinnes is entitled to an evidentiary hearing on the issues raised in his amended PCR motion.[2]  We therefore reverse the circuit court's judgment and remand this case for further proceedings consistent with this opinion.[3]

## FACTS

¶3.     On May 24, 2011, Thinnes, his son, Joshua, and a family friend, Jerrold Myers, were all indicted pursuant to a multi-count indictment.  On January 17, 2012, Thinnes pled guilty to Count I of the indictment for the manufacture of one kilogram or more of marijuana.  *See* Miss. Code Ann. § 41-29-139(a)(1) & (b)(1) (Supp. 2011).  Following a motion by the State, the circuit court dismissed Count II of the indictment against Thinnes for possession of five kilograms or more of marijuana.  *See* Miss. Code Ann. § 41-29-139(c)(2)(G) (Supp. 2011).

¶4.     After conducting a plea colloquy, the circuit court found that Thinnes understood the consequences of pleading guilty to Count I of the indictment and that Thinnes voluntarily waived his constitutional rights.  The circuit court also found that Thinnes freely, voluntarily,

---

[2] *See* Miss. Code Ann. § 99-39-19 (Rev. 2015).

[3] At the time Thinnes pled guilty to the manufacture of one kilogram or more of marijuana, that crime was ineligible for parole pursuant to Mississippi Code Annotated section 47-7-3(1)(h) (Rev. 2011).  However, on May 13, 2016, the governor signed into law House Bill 107, which amended that statutory provision and changed the offense to which Thinnes pled guilty from parole ineligible to parole eligible after completion of one-fourth of the sentence imposed by the trial court.  Upon remand, the circuit court should address the statutory change as it applies to Thinnes's PCR claims.

and intelligently entered his guilty plea. As a result of these findings, the circuit court accepted Thinnes's guilty plea and sentenced Thinnes to fifteen years in the custody of the Mississippi Department of Corrections (MDOC), with twelve years to serve, three years suspended, and three years of supervised probation.

¶5.    On June 18, 2014, Thinnes filed a motion to vacate or correct his sentence pursuant to the Uniform Postconviction Collateral Relief Act. In his PCR motion, Thinnes offered previously undisclosed evidence about a medical condition he possessed. Thinnes argued that, had the evidence been disclosed to the State and the circuit court at the time of his sentencing, the information would have materially affected the sentence recommended by the State and imposed by the circuit court. On August 25, 2014, the circuit court held a hearing on Thinnes's PCR motion. Ruling from the bench, the circuit court denied Thinnes's requested relief.

¶6.    On November 17, 2014, prior to the entry of a final order denying Thinnes's PCR motion, Thinnes filed an amended PCR motion. In his amended PCR motion, Thinnes asserted that his trial attorneys had advised him that, if he pled guilty to Count I of his indictment for possession of one kilogram or more of marijuana, he would be eligible for parole after serving one-fourth, or three years, of his twelve-year sentence. Thinnes further stated, however, that he had since learned that his attorneys had incorrectly advised him and that his crime was not in fact eligible for parole. *See* Miss. Code Ann. § 47-7-3(1)(h) (Rev. 2011).[4] Arguing that he pled guilty in reliance on his attorneys' incorrect advice, Thinnes

_____

[4] Although the Mississippi Legislature has amended the subsections of section 47-7-3 since Thinnes's indictment in 2011, we note that this version of the statute was in effect at

asserted that his guilty plea was involuntary and that he received ineffective assistance of counsel. Based on these alleged assignments of error, Thinnes requested that the circuit court grant him an evidentiary hearing.

¶7.    To support the claims raised in his amended PCR motion, Thinnes attached inmate time sheets from MDOC, which indicated that Thinnes would become eligible for parole on January 16, 2015, after serving three years, or exactly one-fourth, of his twelve-year sentence. Thinnes also attached eight affidavits to support his claims. In addition to his own affidavit, Thinnes provided an affidavit from each of the following: his wife, Roseanne; his daughter, Candace; his son, Jarrod; his son and co-indictee, Joshua; Joshua's wife, Mattie; another co-indictee, Myers; and Myers's wife, Allison. Each affidavit stated the affiant was present during a meeting when Thinnes's attorneys informed Thinnes that he would be eligible for parole after serving three years. The affidavits also stated that Thinnes's attorneys called the district attorney's office during the meeting to confirm that Thinnes would be eligible for parole if he pled guilty to Count I of the indictment.

¶8.    On December 5, 2014, the circuit court entered an order finding that both Thinnes's initial PCR motion and his amended PCR motion lacked merit. In denying Thinnes's requested relief, the circuit court addressed the merits of both Thinnes's initial and amended PCR motions. With regard to the issues raised in Thinnes's amended PCR motion, the circuit court noted that, during the plea colloquy, the court asked Thinnes, "Do you understand nobody can guarantee you any early release, probation[,] or parole? If you are sentenced to

_____

the time that Thinnes was indicted and pled guilty to Count I of his indictment.

4

a term of incarceration, you might have to serve the whole thing." In response, Thinnes answered, "Yes, sir, Your Honor." The circuit court concluded that this part of the plea colloquy refuted Thinnes's claims that he involuntarily entered his guilty plea due to his attorneys' allegedly incorrect advice as to his parole eligibility. As a result, the circuit court denied Thinnes's requested relief without granting Thinnes an evidentiary hearing.

¶9. Aggrieved by the denial of his amended PCR motion, Thinnes appeals.

**STANDARD OF REVIEW**

¶10. "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if it is clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Carson v. State*, 161 So. 3d 153, 155 (¶2) (Miss. Ct. App. 2014) (citing *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012)).

**DISCUSSION**

¶11. On appeal, Thinnes contends that the circuit court erred by not granting an evidentiary hearing on the claims he raised in his amended PCR motion. As previously discussed, Thinnes alleges that his attorneys misinformed him about his parole eligibility and provided him with ineffective assistance of counsel. In addition, Thinnes asserts that his guilty plea was entered involuntarily due to his reliance on his attorneys' incorrect advice about his parole eligibility.

¶12. This Court addressed a similar situation in *Sylvester v. State*, 113 So. 3d 618 (Miss. Ct. App. 2013). Like Thinnes, Sylvester argued that the circuit court erroneously failed to

grant an evidentiary hearing on his claim that his attorney misinformed him of the consequences of his sentence. *Id.* at 621 (¶9). Also like Thinnes, Sylvester attached affidavits to his PCR motion to support his claim that his attorney misinformed him. *Id.* at (¶¶5-6). In addition to his own affidavit, Sylvester attached the supporting affidavit of his sister. *Id.*

¶13. Addressing Sylvester's argument on appeal, this Court stated:

> When the only support the defendant offers is his own affidavit, and it is contradicted by unimpeachable documents in the record, the supreme court has held that an evidentiary hearing is not required.
>
> However, when the movant attaches an affidavit of another who supports the allegation, the trial court may be required to conduct an evidentiary hearing. This Court has held that an attack on a facially correct plea may survive summary dismissal if supporting affidavits of other persons are attached.

*Id.* at 621-22 (¶¶9-10) (internal citations and quotation marks omitted).

¶14. In *Sylvester*, we concluded that the critical inquiry before this Court was "whether [the defendant's] motion and [the attached supporting] affidavit[s] were sufficient evidence such that [the defendant's] allegations were not overwhelmingly belied by the plea-hearing transcript." *Id.* at 622 (¶11). Applying our precedent to the present case, we now turn to a discussion of whether Thinnes provided sufficient proof to warrant an evidentiary hearing on his claims that his guilty plea was involuntary and his attorneys provided ineffective assistance of counsel.

## I.    Involuntary Plea

¶15. "A voluntary guilty plea emanates from the defendant's informed consent. An

allegation that the defendant pled guilty in response to counsel's mistaken advice may vitiate the plea, because it indicates the defendant may not have been fully aware of the consequences of the plea." *Readus v. State*, 837 So. 2d 209, 212 (¶9) (Miss. Ct. App. 2003) (citation and internal quotation marks omitted). "The petitioner bears the burden of proving by a preponderance of the evidence that his plea was involuntarily entered." *Lackaye v. State*, 166 So. 3d 560, 562 (¶7) (Miss. Ct. App. 2015) (citation omitted).

¶16. This Court has previously stated:

> A guilty plea is binding on a defendant only if it is entered voluntarily and intelligently. A plea is considered voluntary and intelligent only if the defendant is informed of the nature of the charge against him and the consequences of the plea. Before the trial court may accept a guilty plea, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. As part of its voluntariness inquiry, the court must determine whether the accused understands the minimum and maximum sentences for the charge.

*Thomas v. State*, 881 So. 2d 912, 916 (¶9) (Miss. Ct. App. 2004) (internal citations and quotation marks omitted).

¶17. We have further stated:

> [I]t is not a prerequisite to a voluntary plea that the defendant understand the nature of parole, his eligibility for parole, and the circumstances under which it may be granted. On the other hand, a plea is involuntary if a defendant is affirmatively misinformed regarding the possibility of parole and pleads guilty in reliance on the misinformation.

*Mosley v. State*, 150 So. 3d 127, 136-37 (¶29) (Miss. Ct. App. 2014) (internal citations and quotation marks omitted).[5]

---

[5] *See also Fairley v. State*, 834 So. 2d 704, 707 (¶8) (Miss. 2003) ("The rule arising from these cases is that failure to mention something concerning parole eligibility may be no problem, but erroneous information concerning parole and sentencing at least entitles the

¶18.    In *Sylvester*, this Court found that the defendant's eligibility for trusty earned time was analogous to eligibility for parole. *Sylvester*, 113 So. 3d at 623 (¶19). The Court further found that, "if a defendant alleges he was given erroneous advice by his attorney as to his eligibility for trusty earned time [(or for parole)] and that erroneous advice goes uncorrected, and he provides evidence other than his own statement (such as a sworn affidavit from a third party), he is entitled to an evidentiary hearing." *Id.*

¶19.    In the present case, Thinnes asserts that his attorneys incorrectly advised him that, if he pled guilty to Count I of his indictment, he would be eligible for parole after serving three years of his sentence. The seven third-party affidavits Thinnes attached to his amended PCR motion all corroborated Thinnes's own affidavit and claims. According to the supporting third-party affidavits, each affiant was present during a meeting between Thinnes and his attorneys when the attorneys informed Thinnes that he would be eligible for parole after serving three years. In addition, the affidavits all stated that Thinnes's attorneys called the district attorney's office during the meeting to confirm Thinnes's parole eligibility.

¶20.    Thinnes also alleges that, during the plea hearing, the circuit court failed to correct the erroneous advice he received from his attorneys. Although the circuit court asked whether Thinnes understood that no one could guarantee him parole, probation, or early release, Thinnes contends this question was not the same as asking whether Thinnes understood that he would be ineligible for parole. Arguing that he would not have pled guilty but for his attorneys' incorrect advice, Thinnes asserts that his guilty plea was not knowingly,

petitioner to an evidentiary hearing on whether he relied on the erroneous information.").

8

intelligently, and voluntarily entered.

¶21.    Upon review, we find that the transcript of Thinnes's plea hearing reflects that Thinnes understood the minimum and maximum sentences for the charge against him. However, the circuit court's warning that no one could guarantee Thinnes parole failed to directly address Thinnes's parole ineligibility.  While the circuit court's question reflected that no guarantee of parole, probation, or early release existed, the question also appeared to indicate that the possibility for such treatment existed.  The transcript therefore fails to show that the circuit court corrected the misinformation that Thinnes's supporting affidavits allege his attorneys provided him as to parole eligibility.

¶22.    We find the record reflects that Thinnes is entitled to an evidentiary hearing on his PCR claim since he met his evidentiary burden and presented sufficient evidence to support his claim that his attorneys gave him erroneous advice about his parole eligibility.  As a result, we find the circuit court erred by denying Thinnes's request for an evidentiary hearing on whether he knowingly, intelligently, and voluntarily entered his guilty plea.  We therefore reverse the circuit court's judgment and remand this case for an evidentiary hearing on this issue.

## II.    Ineffective Assistance of Counsel

¶23.    In considering the second assignment of error addressing whether Thinnes is entitled to an evidentiary hearing on his ineffective-assistance-of-counsel claim, we acknowledge that the determination of the first assignment of error is dispositive.  Since Thinnes met his burden of proof to warrant an evidentiary hearing, we remand for a determination as to

9

whether his plea was involuntary and whether he received ineffective assistance.

¶24. To prevail on his ineffective-assistance-of-counsel claim, Thinnes must prove: (1) his attorneys' performance was deficient; and (2) he suffered prejudice as a result of the deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). As we have previously recognized:

> Under this analysis, it is presumed that counsel's representation falls within the range of reasonable professional assistance. However, the defendant may overcome the presumption. To do so, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*Sylvester*, 113 So. 3d at 624 (¶22) (internal citation and quotation marks omitted).

¶25. The record shows that, during his plea hearing, Thinnes informed the circuit court that he was satisfied with his attorneys' representation. Furthermore, Thinnes stated that no one had threatened him, coerced him, or promised him anything to obtain his guilty plea. We recognize the strong presumption that exists that in-court declarations are truthful. *Id.* at 624 (¶24).

¶26. Despite his in-court declarations, Thinnes asserts on appeal from the denial of his amended PCR petition that his attorneys incorrectly advised him that he would be eligible for parole if he pled guilty. Thinnes stated in his amended PCR motion that he relied on his attorneys' erroneous information in pleading guilty to Count I of his indictment. Thinnes further asserted that, but for his attorneys' erroneous advice, he would not have pled guilty. According to Thinnes, his attorneys erroneously advised him that he would be eligible for parole after serving three years of his twelve-year sentence. As explained in our discussion

10

of Thinnes's first assignment of error, Thinnes presented sufficient corroborating evidence to warrant an evidentiary hearing on whether he received incorrect legal advice about his parole eligibility. We also find that Thinnes presented sufficient corroborating evidence to warrant an evidentiary hearing on whether he received ineffective assistance of counsel as a result of his asserted reliance upon such advice.

¶27. Upon review, we find that Thinnes is entitled to an evidentiary hearing on the merits of the claims raised in his amended PCR motion. As discussed, Thinnes presented sufficient corroborating evidence to warrant an evidentiary hearing on whether his guilty plea was voluntary and to warrant an evidentiary hearing on whether he received ineffective assistance of counsel. We therefore reverse the circuit court's judgment and remand this case for an evidentiary hearing on these assignments of error.

¶28. **THE JUDGMENT OF THE WEBSTER COUNTY CIRCUIT COURT DENYING THE PETITION FOR POSTCONVICTION COLLATERAL RELIEF IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WEBSTER COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, FAIR, WILSON AND GREENLEE, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**