# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-00711-COA

**BARRY D. WARE A/K/A BARRY DEWAYNE WARE A/K/A BARRY WARE**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                    **APPELLEE**

DATE OF JUDGMENT:             05/11/2017
TRIAL JUDGE:                  HON. JOSEPH H. LOPER JR.
COURT FROM WHICH APPEALED:    ATTALA COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:      THOMAS M. FORTNER
                              VALERIE MOSS ANDREWS
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                              BY: JOSEPH SCOTT HEMLEBEN
NATURE OF THE CASE:           CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                  AFFIRMED - 09/04/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., CARLTON AND GREENLEE, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1.     Barry D. Ware appeals the judgment of the Attala County Circuit Court, denying his motion for post-conviction relief (PCR), arguing that: (1) his guilty plea was not entered voluntarily, intelligently, and knowingly; (2) he received ineffective assistance of counsel; and, (3) the court abused its discretion by showing him bias, prejudice, and ignoring evidence.

¶2.     We find no error; therefore, we affirm.

## FACTS

¶3.     On February 8, 2012, Ware was indicted on a charge of first-degree murder in Attala County, Mississippi.  On August 6, 2013, he filed a petition to enter a plea of guilty to

second-degree murder. The court accepted his plea and sentenced him to thirty years in the custody of the Mississippi Department of Corrections. On August 5, 2016, Ware filed his PCR motion, which is the basis of this appeal, arguing that his plea was not entered voluntarily, intelligently, and knowingly because his counsel incorrectly advised him concerning his parole eligibility. He also claimed that his counsel was constitutionally ineffective because he would not have pleaded guilty but for the erroneous advice of his attorney.

¶4. Attached to his PCR motion were affidavits from himself; Pam Ware, his wife; and Mitchell Hedgepeth, his father-in-law. In each affidavit, Ware and his witnesses gave an account of times in which they were allegedly informed by Ware's attorney and District Attorney Doug Evans of different scenarios in which Ware would be released without having to serve his full sentence. Their recollection of the amounts of time that he would serve differed vastly, but centered on the fact that they were allegedly told that he would be eligible for some form of parole. However, after Ware began serving his sentence, they learned that a second-degree murder sentence must be served day-for-day.

¶5. On March 31, 2017, an evidentiary hearing was held to address the issues in Ware's motion, and testimony was elicited from Ware, Pam, Mitchell, Ware's trial attorney, and District Attorney Evans. Ware, Pam, and Mitchell testified consistently with their affidavits discussed above. District Attorney Evans testified that he never informed Ware, Pam, or Mitchell about Ware's eligibility for parole or early release. He contended that it was not his

2

responsibility to do so, and he did not comment on such issues. He further testified that the charge of second-degree murder was a new crime recently established by the legislature, so he did not know what the parameters, if any, would be. Therefore, he could not have commented on them. Ware's attorney testified that he was certain that he did not advise Ware on the issue of parole eligibility, although he did provide advice to Ware regarding Ware's decision to plead guilty. According to him, it was not his practice to discuss with his clients the number of years they may or may not have to serve on a given sentence before becoming parole eligible because he never knew how much time the client would have to serve. He also stated that Ware's decision to accept the plea offer was based on the insurmountable evidence of guilt against him, not his ability to get released early.

¶6. On May 11, 2017, the court issued a detailed opinion and separate order denying Ware's motion. Ware has appealed.

## DISCUSSION

¶7. "We review the dismissal or denial of a PCR motion for abuse of discretion. We will only reverse if the trial court's decision is clearly erroneous. When reviewing questions of law, our standard is de novo." *Hughes v. State*, 106 So. 3d 836, 835 (¶4) (Miss. Ct. App. 2012) (citation omitted).

### I.	*Guilty Plea*

¶8. Ware argues that his guilty plea was not entered into voluntarily, intelligently, and knowingly because he was affirmatively misinformed regarding his parole eligibility. "A

3

voluntary guilty plea emanates from the defendant's informed consent. An allegation that the defendant pleaded guilty in response to counsel's mistaken advice may vitiate the plea, because it indicates the defendant may not have been fully aware of the consequences of the plea." *Thinnes v. State*, 196 So. 3d 204, 208 (¶15) (Miss. Ct. App. 2016) (quoting *Readus v. State*, 837 So. 2d 209, 212 (¶9) (Miss. Ct. App. 2003)). Ware argues that he was misinformed about his eligibility for parole, trusty earned time, and conditional release—all ways in which a defendant could be released early from his sentence. He adds that, regardless of the fact that all three early release options are only chances for a defendant to be released early and are not guaranteed, being misadvised about those options makes his guilty plea invalid.

¶9.     It is not a prerequisite to a voluntary plea that the defendant understand the nature of parole, his eligibility for parole, and the circumstances under which it may be granted. On the other hand, a plea is involuntary if a defendant is affirmatively misinformed regarding the possibility of parole and pleads guilty in reliance on the misinformation.

*Id.* at 209 (¶17) (quoting *Mosley v. State*, 150 So. 3d 127, 136-37 (¶29) (Miss. Ct. App. 2014)). Nevertheless, the State contends that the transcript of the guilty plea and the accompanying documents demonstrate that Ware's plea was voluntarily, intelligently, and knowingly entered. "[B]eing unaware of ineligibility for parole is not synonymous with ill or erroneous advice. A defendant does not possess a constitutional right to full parole information at or before his guilty plea." *Jackson v. State*, 178 So. 3d 807, 810 (¶13) (Miss. Ct. App. 2014) (internal quotation mark omitted) (quoting *Stewart v. State*, 845 So. 2d 744,

4

747 (¶11) (Miss. Ct. App. 2003)).

¶10.    We agree with the argument made by the State, as our jurisprudence is clear that in the face of competing, contradictory testimony, it was the trial court's duty, as the fact-finder, to determine the credibility of the witnesses and, ultimately, to determine whether Ware was misinformed about parole eligibility. The trial judge, "sitting as the trier of fact, is tasked with resolving all credibility issues that arise in a PCR hearing." *Sharp v. State*, 152 So. 3d 1212, 1214 (¶10) (Miss. Ct. App. 2014). In this regard, the State notes that although Ware and his witnesses testified that his attorney informed them generally that he would be parole eligible if he pleaded guilty to second-degree murder, the specifics of their individual testimonies were inconsistent. And moreover, Ware's attorney testified that he did not advise Ware in any way or at any time regarding parole or earned time, adding that it was not his practice to advise clients on parole eligibility or earned time. The State asserts that the court was correct in finding that the testimony was irreconcilable and that the court had the power to make those credibility determinations based on the testimony before it—finding that Ware was not misinformed about his parole eligibility. We agree. This issue is without merit.

¶11.    Ware further argues that his plea of guilty to second-degree murder was unintelligently given because he was not informed by his attorney that he could have been considered for conditional release if he had gone to trial and been convicted of first-degree murder. More specifically, Ware argues that knowledge of such information would have caused him not to plead guilty. As this claim centers on Ware's counsel's alleged failure to

5

give advice regarding a charge which Ware did not plead guilty to, rather than to the charge that Ware pleaded guilty to because of allegedly erroneous advice, we reserve discussion of it until we address Ware's claim that he received ineffective assistance of counsel.

## II. Ineffective Assistance of Counsel

¶12. Ware argues that his counsel was ineffective for misinforming him about the consequences of his plea agreement, namely his parole eligibility. We addressed this claim during our discussion of the first issue and found it to be without merit. We see no need to repeat that discussion here. Ware also argues that his trial counsel was ineffective for failing to advise him that had he been convicted of first-degree murder—a charge for which he was neither tried for nor convicted of—and sentenced to life imprisonment, he could have petitioned for a conditional release from prison after reaching the age of sixty-five years. Ware also makes the corollary argument—that counsel's advice that he would never be eligible for release if he was found guilty at trial of the charge also constitutes ineffective assistance of counsel.

¶13. We note that this is a particularly interesting argument given the fact that Ware was neither tried for nor convicted of the charge that would have given rise to the sentence of life imprisonment from which he could have sought a conditional release. We further note that Ware has provided no authority to support his argument. Therefore, we are not obligated to address it. *Taylor v. State*, 29 So. 3d 134, 137 (¶8) (Miss. Ct. App. 2010). The procedural bar notwithstanding, we agree with the State's position that this argument is without merit.

6

¶14. To prove ineffective assistance of counsel, a defendant must demonstrate: (1) his counsel's performance was deficient, and (2) this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

¶15. The State argues that Ware's claims—that his counsel was ineffective for allegedly informing him that if he was convicted of first-degree murder he could spend the rest of his life in prison and for failing to inform him of the possibility of conditional release—are without merit. The State cites the circuit court's order in support of its contention that Ware's arguments regarding conditional release do not pass constitutional muster:

> This code section provides no criteria that a sentencing court is to consider in determining whether conditional release should be granted. Thus, it appears that sentencing courts have unfettered discretion in determining whether it is granted. A trial court's denial of a recommendation for parole or early release pursuant to [Mississippi Code Annotated section] 47-7-3(1)(g)(iii), is not an appealable judgment. *Barnett-Phillips v. State*, 195 So. 3d 226, 230 [(¶16)] (Miss. Ct. App. 2016). Presumably, a court's denial of conditional release would also be a judg[]ment not subject to appellate review.

> This court finds that if parole is a matter of legislative grace, then conditional release is a matter of judicial grace. Being unaware of ineligibility for parole, earned time, and meritorious time is not synonymous with ill or erroneous advice. A defendant does not have a constitutional right to full parole information at or before his guilty plea. *Stewart v. State*, 845 So. 2d 744, 747 [(¶11)] (Miss. Ct. App. 2003). This court believes that it is also true of conditional release. This court finds that a criminal defendant is not entitled to be advised that he has the right to petition the court for conditional release, since the decision of whether to grant it is left totally to the whims of the judge to whom the request is presented.

> This court finds that Ware's attorney was not deficient in failing to discuss parole or conditional release eligibility with him prior to the entry of his guilty plea. Therefore, this court finds that his claim of ineffective assistance of counsel claim is without merit.

7

¶16.    Our law is clear, as the circuit court found, that a defendant does not have a constitutional right to be informed of parole eligibility at the time of or before his guilty plea is entered. However, as discussed earlier in this opinion, if such advice is given, it cannot be erroneous. *Thinnes*, 196 So. 3d at 209 (¶17).  We know of no caselaw or statutory authority, and Ware has cited none, holding that—in conjunction with a defendant's contemplation of entering a guilty plea to a lesser-included offense—it constitutes ineffective assistance of counsel for his counsel to give him erroneous advice regarding, or not to inform him of, any potential conditional release he could or could not receive if he were convicted of the greater offense with which he is charged.  Since a defendant's attorney would not be required to advise the defendant of any potential conditional release from imprisonment if the defendant went to trial and was convicted of the charged offense, it seems quite logical that the defense counsel would not be required to give such advice when the defendant pleads guilty not to the offense charged, but to a lesser offense that happens to be included in the charged offense.  When a defendant decides to plead guilty to an offense, our law requires that he be fully informed regarding the constitutional rights that he is giving up.  The relinquishment of the right to seek a conditional release from imprisonment that would emanate from the sentence for conviction of a charge that the defendant could have been convicted of, but was not, is not one of those rights, as a defendant has no constitutional right to seek a conditional release from any imprisonment, even when the imprisonment stems from a sentence received as a result of a conviction by a jury or by a plea of guilty.  In any event, since Ware has not

8

provided any authority to support his argument, and it is his responsibility to do so, we find no merit to this issue. M.R.A.P. 28(a)(7).

III. *Bias*

¶17. Ware alleges that the trial court failed to consider all of the pleadings and erroneously made a conclusion without reviewing the entire record before it. He also alleges that from the very beginning, the trial judge showed a bias against him and his PCR attorney because his attorney had recently obtained a reversal of a judgment rendered in the trial judge's circuit district. He cites the judge's order as evidence of the judge's bias:

> It is the opinion of this court that after sitting in prison for nearly three (3) years while learning the prison lingo, and after becoming aware of the case of *Thinnes v. State*, 196 So. 3d 204 (Miss. Ct App. 2016), that Ware tailored the facts in this case to meet the facts in *Thinnes*, and then hired the prevailing attorney in *Thinnes* to represent him in this matter.

¶18. The State asserts that the trial court entered a lengthy, reasoned opinion in which it summarized the relevant testimony and evidence received at the hearing and provided a detailed analysis, which contradicts Ware's assessment that the court did not review the record. Next, the State asserts that Ware's complaints about the factual findings in the court's order are not supported by the record. Finally, the State points out that the matters that Ware raises as evidence of the trial court's bias against him is nothing more than the court expounding upon its findings regarding credibility issues. As we have noted, it is the trial court's function, when sitting as the trier of fact, to make credibility determinations. Simply because the trial court found Ware to lack credibility does not mean the trial court

9

was biased against him. The State also points out that Ware cites to no authority to support his contentions with respect to this issue. We agree, and as discussed earlier in this opinion regarding the preceding issue, we are not required to address it. M.R.A.P. 28(a)(7).

¶19. "On appeal, a trial judge is presumed to be qualified and unbiased and this presumption may only be overcome by evidence which produces a reasonable doubt about the validity of the presumption." *Jackson v. State*, 962 So. 2d 649, 663 (¶29) (Miss. Ct. App. 2007). "Mere speculation is insufficient to raise reasonable doubt as to the validity of the presumption that the trial judge was qualified and unbiased." *Id*. at (¶31). Based on our review of the record, we find that the trial judge thoroughly considered all of the evidence before him. Regardless, Ware failed to provide evidence sufficient to overcome the presumption that the judge was qualified and unbiased. This issue is without merit.

¶20. **AFFIRMED.**

**LEE, C.J., GRIFFIS, P.J., BARNES, CARLTON, FAIR, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR. WILSON, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**