# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-00762-COA

**BOBBY E. WILSON, JR. A/K/A BOBBY WILSON, JR. A/K/A BOBBY E. WILSON A/K/A BOBBY EARL WILSON**                          **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/08/2020 |
| TRIAL JUDGE: | HON. M. JAMES CHANEY JR. |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BOBBY E. WILSON JR. (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/14/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE BARNES, C.J., WESTBROOKS AND McCARTY, JJ.

### BARNES, C.J., FOR THE COURT:

¶1.     Bobby Wilson is currently serving life imprisonment in the custody of the Mississippi Department of Corrections (MDOC) as a habitual offender. Appearing pro se, Wilson's appeal relates to his fifth attempt to attack collaterally his initial criminal conviction in 1994 for automobile burglary, to which he pleaded guilty. The Warren County Circuit Court denied Wilson's motion for post-conviction relief (PCR) wherein he argued his counsel was ineffective and thus his plea involuntary. In denying his PCR motion, the circuit court found the motion procedurally barred as untimely and successive, as well as without merit. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     On August 5, 1994, after waiving indictment,[1] Wilson pleaded guilty to burglary of an automobile in Vicksburg, Mississippi, and was sentenced to a five-year suspended sentence in the custody of the MDOC with five years of probation.  He was also ordered to pay a $2,000 fine and $213 in other fees.  Wilson violated his probation, and in April 1995, the circuit court ordered him to be placed in a restitution center.  Wilson then violated several behavioral rules at the center, resulting in the revocation of his suspended sentence in August 1995.  Wilson was sentenced to five years' imprisonment and was released in August 1997.

¶3.     Subsequently, Wilson was convicted of two more crimes: a 1999 conviction in federal court for two counts of bank robbery and a 2004 conviction in the Warren County Circuit Court for bank robbery.  Since 2007, Wilson has repeatedly tried to attack collaterally his 1994 automobile burglary conviction in order to invalidate his current status as a habitual offender serving life in prison without probation or eligibility for parole.

¶4.     In 2007, Wilson filed his first PCR motion, claiming he received ineffective assistance of counsel related to his 1994 automobile-burglary conviction. The circuit court found that his PCR motion was time-barred, but we dismissed the appeal for lack of jurisdiction. *Wilson v. State*, 990 So. 2d 828, 829 (¶2) (Miss. Ct. App. 2008).  We held that Wilson lacked standing to file his PCR motion because he was no longer in custody for the 1994 conviction from which he sought relief.  *Id.* at 830 (¶6).

----

[1] Instead, the State filed a sworn bill of information, charging him with automobile burglary under Mississippi Code Annotated section 97-17-33 (Rev. 1994).

¶5. In 2009, Wilson sought relief through a writ of coram nobis, claiming the State had insufficient proof of his intent to steal property within the automobile and relatedly that his counsel was deficient. This Court affirmed the circuit court's dismissal because such writs have been abolished, but we stated that "the circuit court should have construed Wilson's motion as one for post-conviction relief." *Wilson v. State*, 76 So. 3d 733, 735 (¶10) (Miss. Ct. App. 2011). We also held that Wilson still lacked standing to challenge his 1994 conviction because he was no longer in custody for the 1994 conviction but instead serving a sentence related to his 2004 bank robbery. *Id.* at 735-36 (¶11), superseded by statute as discussed in *Jackson v. State*, 287 So. 3d 1060, 1061-62 (¶¶6-8) (Miss. Ct. App. 2019).

¶6. In 2011, Wilson filed an application for writ of habeas corpus in the Sunflower County Circuit Court, which was treated as a PCR motion. This Court affirmed the circuit court's dismissal, noting the motion was barred as successive because "Wilson has filed multiple PCR motions." *Wilson v. State*, 125 So. 3d 89, 92 (¶11) (Miss. Ct. App. 2013). In 2019, Wilson filed a "Motion for Relief from Judgment," which the Warren County Circuit Court also treated as a PCR motion. This Court affirmed the circuit court's summary dismissal of the motion because it was frivolous, successive, and time-barred. *Wilson v. State*, 301 So. 3d 727, 730 (¶10) (Miss. Ct. App. 2020).

¶7. In March 2020, while his appeal related to his last PCR motion was pending, Wilson filed the PCR motion at issue here, again claiming he received ineffective assistance of counsel.[2] He again argued that his defense counsel improperly failed to inform the circuit

---

[2] In *Howell v. State*, 283 So. 3d 1100, 1105 (¶18) (Miss. 2019), the Mississippi Supreme Court recognized that the 2009 alteration of Mississippi Code Annotated section

court that the State lacked a sufficient factual basis to support a burglary conviction because Wilson lacked intent to steal any property within the automobile—Wilson claimed he was only attempting to use the vehicle. Further, he argued his defense counsel failed to explain the elements of automobile burglary; thus, his plea was involuntary. Additionally, Wilson argued his counsel never informed him of the minimum and maximum fine for the crime. The circuit court denied his motion, finding it to be "frivolous, successive, and time-barred" and cataloging twelve of Wilson's prior Warren County Circuit Court filings, from June 2007 through July 2019, and his four prior appearances before this Court.

## STANDARD OF REVIEW

¶8. This Court reviews the dismissal or denial of a PCR motion for an abuse of discretion. *Ware v. State*, 258 So. 3d 315, 317 (¶7) (Miss. Ct. App. 2018). Reversal is warranted only if the trial court's decision was clearly erroneous. *Id.* at 317-18 (¶7). Questions of law are reviewed de novo. *Id.* at 318 (¶7).

## DISCUSSION

¶9. On appeal, Wilson argues that but for his counsel's deficient performance regarding his guilty plea, he would have gone to trial. Further, he claims his PCR motion is excepted from any procedural bars because his ineffective-assistance-of-counsel claim raises a fundamental constitutional right. We shall discuss each issue in turn.

### I. Procedural Bar

¶10. The trial court found Wilson's PCR motion was time-barred and successive. We

---

99-39-5(1) (Rev. 2020) expanded standing. Therefore, Wilson has standing to bring the instant PCR motion.

agree. The Uniform Post-Conviction Collateral Relief Act (UPCCRA) provides that a defendant must file his PCR motion within three years after the judgment of conviction is entered. Miss. Code Ann. § 99-39-5(2) (Rev. 2020). Wilson filed his current PCR motion on March 6, 2020, nearly twenty-five years after his conviction for automobile burglary, well past the three-year statute of limitations. The UPCCRA also provides that any order denying or dismissing a PCR motion bars a second or successive motion. Miss. Code Ann. § 99-39-23(6) (Rev. 2020). The movant "bears the burden of proving by a preponderance of the evidence that his claims are not barred as successive writs." *Williams v. State*, 110 So. 3d 840, 843 (¶13) (Miss. Ct. App. 2013). As detailed above and in the trial court's order, Wilson has repeatedly challenged his 1994 conviction by filing numerous PCR motions beginning in June 2007, and the trial court has dismissed or denied each motion. Wilson has failed to meet his burden of proving this PCR motion is not successive as well. Accordingly, the trial court did not err in finding Wilson's PCR motion procedurally barred as untimely and successive.

¶11. Wilson claims, however, that his PCR is excepted from procedural bars because he raises a claim of ineffective assistance of counsel. In *Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010), the Mississippi Supreme Court held that "errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA." Wilson is correct that a claim of ineffective assistance of counsel may be excepted from procedural bars, but only in exceptional or extraordinary circumstances. *McDonald v. State*, 307 So. 3d 497, 500 (¶7) (Miss. Ct. App. 2020) (citing *Conley v. State*, No. 2011-M-01006, 2020

WL 949240, at *1 (Miss. Feb. 26, 2020) (order)); *Chapman v. State*, 167 So. 3d 1170, 1174 (¶12) (Miss. 2015). Further, "the mere assertion of a constitutional right violation does not trigger the exception." *Wilson v. State*, 294 So. 3d 101, 104 (¶8) (Miss. Ct. App. 2020) (quoting *Evans v. State*, 115 So. 3d 879, 881 (¶3) (Miss. Ct. App. 2013)). After examining the record, we find no such "exceptional" circumstances, and Wilson does not offer more than a "mere assertion" of the claim. And, even if Wilson's ineffective-assistance claim were excepted from procedural bars, it is without merit.

## II. Ineffective Assistance of Counsel

¶12. On the merits, Wilson argues that his counsel was deficient for failing to explain fully the elements of automobile burglary to him and the charge's maximum fine before he pleaded guilty. For the same reasons, he also relatedly claims his plea was involuntary.

¶13. To succeed on a claim of ineffective assistance of counsel, the defendant must prove (1) that "counsel's performance was deficient," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lovett v. State*, 270 So. 3d 133, 135 (¶5) (Miss. Ct. App. 2018) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "In the context of a guilty plea, one must show counsel's errors proximately resulted in the guilty plea[,] and, but for counsel's error, the defendant would not have entered the guilty plea." *Moore v. State*, 248 So. 3d 845, 850 (¶14) (Miss. Ct. App. 2017) (internal quotation marks omitted). Moreover, "[t]he defendant must show unprofessional errors of substantial gravity . . . and allege such facts with specificity and detail." *Wash v. State*, 218 So. 3d 764, 766-67 (¶6) (Miss. Ct. App.

2017) (internal quotation marks omitted).

¶14. On August 5, 1994, Wilson waived indictment, and the State filed a bill of information in the Warren County Circuit Court charging him with "automobile burglary." On the same date, Wilson signed a plea petition stating he wished to plead guilty to the charge of "attempted auto burglary," where the charge was hand-written on a standardized form in paragraphs 3 and 14. However, during the plea hearing, the assistant district attorney promptly corrected the judge's reading of the plea petition, noting that the charge was "auto burglary" and not "attempted auto burglary."

| | |
|---|---|
| THE COURT: | You are going to plead guilty to attempted auto burglary? |
| THE DEFENDANT: | Yes, sir. |
| [THE PROSECUTOR]: | On information, your Honor. The charge is auto burglary, your Honor. |
| THE COURT: | Auto burglary. You're going to plead guilty to auto burglary? |
| THE DEFENDANT: | Yes, sir. |

The judge then thoroughly examined Wilson's intentions, making sure Wilson understood the automobile burglary charge against him.

Q. You are charged with on or about June 28th, willfully, unlawfully and feloniously and burglariously breaking and entering a car or truck . . . with the intent to steal and carry away goods, chattels and personal property located in that vehicle. Do you understand that's the charge against you?

A. Yes, sir.

Q. Do you have any questions about this charge? Do you think you fully

7

understand it?

A.     Yes, sir.

Q.     Do you wish a formal reading of the indictment?

[DEFENSE COUNSEL]:   No, your Honor.  We waive the formal reading.

Q.     I'm going to ask you, Mr. Wilson, did you commit that crime?

A.     Yes, sir.

Wilson's sentencing order, signed the same day, also stated he was pleading guilty to the charge of "burglary of an automobile."

¶15.   While the charge of "attempted auto burglary" and not "automobile burglary" was hand-written on Wilson's plea petition, this fact does not indicate Wilson's counsel failed to explain to him the elements of automobile burglary.  Importantly, Wilson provides no other details beyond his own assertions that he was improperly advised on the charge, which is insufficient for his claim.

¶16.   Moreover, even if Wilson had not been advised by counsel, the record shows Wilson had ample notice that he was charged with "automobile burglary" and the elements of that charge.  The bill of information had the charge of automobile burglary and included the proper elements under Mississippi Code Annotated section 97-17-33. Further, the trial court corrected the charge at the plea hearing in the presence of Wilson and his counsel, explaining to Wilson the elements of automobile burglary in detail.

¶17.   Wilson also complains that his counsel "tricked him" into pleading guilty by failing to inform him that a maximum fine of $10,000 could be imposed and that his five-year

suspended sentence was conditioned on his paying the fines and court costs, which ultimately totaled $2,213. It is true that his standardized plea petition left the minimum and maximum fine blank. Since section 97-17-33 does not provide for a fine, Wilson faced a fine of up to $10,000 under the catch-all provisions of Mississippi Code Annotated section 99-19-32(1) (Rev. 1994) for fines in felony cases. Again though, Wilson provides no further details beyond his own assertions that his counsel inadequately advised him of the fine. And even if his counsel had failed to advise him of the fine and consequences of nonpayment, at the plea hearing, the judge advised Wilson that he "pay a $2,000 fine, plus $96 court costs . . . and $117 state assessment fee. That is a total of $2,213.00." The judge also asked Wilson, "Do you understand what the State has recommended?" to which Wilson responded, "Yes, sir." Further, the judge then questioned Wilson about how he planned to pay the fine, possible employment and pay, and how much Wilson could pay per month on the fine. The court ultimately ordered Wilson to pay $50 per month on the fine and then asked Wilson, "Now what will happen if you don't come up with that money?" Wilson correctly responded, "You'll revoke my probation." The judge also told Wilson to "[r]eport to your probation officer even if you don't have any money. . . . We'll work with you if you work with us. Okay?" Wilson responded, "Yes, sir."

¶18. Wilson was aware of his charge's elements and fine and is pointing to scrivener's errors in his plea petition as evidence his counsel was ineffective, yet he provides no other evidence. We find his argument without merit. Moreover, because the record shows the elements of Wilson's crime and fines were thoroughly explained to him, his argument

9

regarding an involuntary plea is without merit as well.

## CONCLUSION

¶19.    The trial court did not err in denying Wilson's PCR motion.  Therefore, we affirm the

judgment of the Warren County Circuit Court.

¶20.    **AFFIRMED.**

**CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.  WILSON, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**